# ALEXANDER PLATT
## v.
## MAGGIE FARNEY.

1. LANDLORD AND TENANT.—Where a tenant who had rented two rooms in a building was injured while passing down a rear stairway in the building, and the negligence alleged in the declaration was for a failure of the landlord to construct the said stairway in a suitable manner and of suitable materials and to so maintain the same as to be safe for persons having the right to use the same. *Held,* that as the proof fails to show any contract or any such special circumstances as would render it incumbent upon the landlord to look to the safety of the stairway for the benefit of his tenants, the landlord is not liable.

2. DUTY OF LANDLORD—INSTRUCTION.—In the absence of a contract or proof of other special circumstances imposing that duty upon the landlord, it is not his duty to keep the building safe for his tenants nor to protect it from intruders. As the instruction given holds the opposite, it is erroneous.

Platt v. Farney.

Appeal from the Circuit Court of Morgan county; the Hon. G. W. Herdman, Judge, presiding. Opinion filed January 16, 1885.

Mr. M. T. Layman and Mr. John A. Bellatti, for appellant; as to the duty of the landlord, cited Taylor's Landlord and Tenant, Ch. 8, Sec. IV, § 327; Ch. 9, Sec. I, § 343; 3 Sutherland on Damages, 166.

Mr. Wm. H. Barnes and Mr. Oscar A. De Leuw, for appellee; cited Looney v. McLean, Weekly (Bloomington) Jurist, August 12, 1880.

McCulloch, J. Appellee's husband had rented a room from appellant, situated on the first floor of a certain building to be used by appellee as a millinery store, and two rooms on the second floor of the same building to be used as a residence. After appellee and her husband had taken possession, appellant erected a stairway in the rear of the building to be used, as is alleged, by them and other tenants of the same building.

While appellee was passing down said stairway, the same fell and caused the injuries to her person for which this suit is brought. The declaration alleges that appellant was the owner of and had the control and active management of a certain two-story building with the appurtenances, approaches and stairways thereunto belonging, the rooms and the use of the approaches of which he, for a consideration paid, rented and leased to divers tenants for the purpose of occupation; that appellee's husband leased and rented of appellant two certain rooms in the second story of said building with the right of use of the said stairway, in common with appellant and his other tenants; that he took possession of the said rooms as his dwelling, appellee living with him as his wife; that said stairway had been erected as one of the approaches to said rooms; that the same was meant for general use as a passage-way in common by plaintiff and other tenants of appellant as a means of access and entry to said sec-

ond story of said building, and the same was under the control and management of appellant; that it was his duty to construct and build, and to have constructed, built and maintained the same in such manner and of such material that the same should have been safe for those having a right to use it, and to have kept the same in good repair and in a tenantable condition; that he neglected to do so and in consequence of such neglect, appellee, who was then rightfully using the same and in the exercise of due care in going down the same, was, by the fall thereof, precipitated to the ground and received the injuries complained of.

It is contended on the part of appellee that under the circumstance alleged in the declaration appellant was bound to keep the stairway in question, in a reasonably safe condition for the use of his tenants, and that for an injury occasioned by his neglect so to do, he is liable in an action for damages at the suit of the party injured.

We do not deem it necessary to enter upon the discussion of this proposition, for conceding it to be true the proof comes far short of bringing the case within the rule contended for. The declaration alleges that appellee's husband had rented two rooms on the second floor and the right of use of said stairway; that the same was in common use by appellee and her husband and other tenants of appellant, and that the same was under the control of appellant. The general rule of law is, that the tenant must keep the demised premises in repair for his own use unless the landlord has contracted to do so. So far as the proof shows there was no such contract on the part of appellant. The declaration alleges that the use of the stairway was included within the lease. There is no proof of this fact. In truth the record is wholly silent as to how appellant came to owe any duty to his tenants in respect to either the erection or the maintenance of said stairway. There is a bare allusion in the testimony of appellee's husband to the fact that other tenants of appellant used the same in common with himself. But the proof wholly fails to show any such special circumstances as would render it incumbent upon appellant to look to its safety for the benefit of his tenants.

Platt v. Farney.

There was proof strongly tending to show that the lot in the rear of the building was unfenced and that some person had hitched a horse to the stairway in question; that when appellee came upon the stairway the horse took fright and in his struggle to get away pulled the same down with the halter-strap. The court thereupon gave to the jury the following among other instructions: "The court, for the plaintiff, instructs the jury that the law imposes upon all persons who erect buildings to be used by tenants for hire, the duty of maintaining each and every part of such building reasonably safe and secure for the purposes for which it was intended, and to protect it against use by others in such manner as to render it unsafe. And in this case, if the jury believe from the evidence that the defendant erected the stairway in controversy outside of his house, or caused it to be erected, he was bound to see that they were rea onably safe for use; and if they were so placed that stock could get to them, and by rubbing against them, or being fastened to them, endangering their security, it was the duty of the landlord to protect such stairway by a proper inclosure; and it is no defense to him that a horse or some other animal pulled or rubbed the stairway so as to make it unsafe, unless you believe, from the evidence, that said stairway was inclosed by a reasonably secure fence or otherwise to keep animals away from it."

This instruction is faulty in several particulars. In the absence of a contract or proof of other special circumstances imposing that duty upon the landlord, it is not his duty to keep the building safe for his tenants nor to protect it from intruders. It was therefore an error for the court to so instruct the jury.

The only negligence alleged in the declaration was for a failure to construct the said stairway in a suitable manner and of suitable materials, and to so maintain the same as to be safe for persons having the right to use the same. There is no complaint made that it was appellant's duty to have protected the same against stock or other intruders by fencing the lot, and that he had failed to do so. This was a feature of the case appellant was not called upon by the declaration to meet.

There was no allegation in the declaration nor any proof given on the trial which would render appellant liable for injuries occasioned by some other person's horse having pulled down the stairway. For these reasons and others that might be mentioned this instruction is erroneous. The judgment of the court below will therefore be reversed and the cause remanded.

Reversed and remanded.