## ARTHUR W. WINDETT

### *v.*

## HORACE A. HURLBUT.

*Filed at Ottawa November 14, 1885.*

1. FORCIBLE DETAINER—*by purchaser under a trust deed—evidence to show there was no sale.* In an action of forcible entry and detainer, brought under the sixth clause of section 2, chapter 57, of the Revised Statutes of 1874, giving that remedy in favor of a purchaser under a deed of trust, the plaintiff gave in evidence, on the trial, the deed of trust and the deed by the trustee to himself. The defendant offered parol evidence to prove that the trustee, in fact, made no sale, that the plaintiff paid nothing for the property, and that it was worth $30,000, and constituted defendant's homestead, which the court refused to hear: *Held,* that the ruling was clearly right.

2. In an action at law, a trustee's deed for land made under a power of sale in a trust deed, is conclusive evidence of the sale under the power, and it can not, in a court of law, be contradicted, and proved to have been executed in violation of law, and therefore fraudulent and void.

3. FRAUD—REMEDY—*impeachment of deed—when at law, and when in equity, only.* In an action at law, fraud in the execution of a deed may be given in evidence, as that, through misreading, or the substitution of one paper for another, or by other device and trickery, the grantor was induced to seal it, believing, at the time, he was sealing something else, or the deed may be shown to be a forgery.

4. But where a person voluntarily and knowingly signs a deed, although he do so in violation of his duty and of the law, or be induced thereto by the fraudulent contrivances of others, yet if it be such upon its face as will convey title, it can only be impeached and set aside, and parol evidence be received for that purpose, in a court of equity.  ·

5. ERROR—*evidence that works no injury.* Where a plaintiff has made out his case by proper evidence, and all the evidence offered to show a defence is properly excluded, the admission of other irrelevant evidence by the plaintiff which neither strengthens nor weakens his right to recover, the error in its admission is harmless, and furnishes no ground of reversal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. THOMAS SHIRLEY, for the appellant:

The chancery proceedings being subsequent to the formation of the issue, were not competent evidence in this case. *Wood* v. *Morton*, 11 Ill. 547; *Pitkin* v. *Yard*, 13 id. 253; *Joy* v. *Berdell*, 25 id. 541; *Holt* v. *Rees*, 44 id. 30.

The transfer by deed from Carter to Hurlbut being gratuitous and without value paid, is a gift, and not a sale, under the statute.    Story on Sales, chap. 1, sec. 1; chap. 6, sec. 1; Corpus Juris, Rom. Dig. Lib. 19, tit. 1, 2.

Hurlbut thereby became vested, under the decree, with the legal title, as trustee, subject to the same trust as Carter. Lewin on Trusts, chap. 11, sec. 3; chap. 26, sec. 1; Perry on Trusts, 220.

The statute being in derogation of the common law, must, with all proceedings under it, be taken strictly.    *Schaumtoffel* v. *Behm*, 77 Ill. 569.

A sale in fact under the power must be shown to give the jurisdiction.    *Haskins* v. *Haskins*, 67 Ill. 447.

Without a sale the deed was void.    *Equitable Trust Co.* v. *Fisher*, 106 Ill. 195; *Burr* v. *Borden*, 61 id. 395.

Mr. GEORGE F. WESTOVER, for the appellee:

In an action at law to recover possession of the premises, appellant can not defend by showing circumstances tending to prove that the trustee improperly or illegally performed his trust, and that therefore the appellee ought not to retain the title or recover possession.    Such matters can be litigated in courts of equity, only.    *Reece* v. *Allen*, 5 Gilm. 236; *Graham* v. *Anderson*, 42 Ill. 514; *Dawson* v. *Hayden*, 67 id. 52; *Rice* v. *Brown*, 77 id. 549; *Chapin* v. *Billings*, 91 id. 539; *Equitable Trust Co.* v. *Fisher*, 106 id. 189.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was forcible entry and detainer by appellee, against appellant, under the sixth clause of section 2, chapter 57, of

the Revised Statutes of 1874, for the possession of certain real estate which appellee claimed to have purchased at a sale by a trustee, pursuant to the power in a deed of trust.

Appellee gave in evidence, upon the trial in the Superior Court, among other things, the deed of trust, and the deed by the trustee to himself. Appellant, in defence, offered parol evidence. to prove that the trustee in fact made no sale, that appellee had paid nothing for the property, and that it was worth $30,000, and constituted appellant's homestead; but the court held the evidence inadmissible, and refused to hear it,—and this is the first and principal error for which it is contended the judgment below should be reversed. Very clearly the ruling was right. This is not a suit in equity to set aside the trustee's deed, but an action at law, in which legal, as contradistinguished from equitable, principles, must control. Conceding, as contended by counsel for appellant, that it is the *sale,* and not the *conveyance,* of title which authorizes the recovery, still the deed is conclusive evidence of the sale. If the deed is not fraudulent and void, but conveys the title to the property, there must have been a sale; and hence it comes to the question whether the deed, in an action at law, can be contradicted, and proved to have been executed in violation of law, and so to be fraudulent and void.

The rule is familiar, wherever the distinction between law and equity is preserved, that in a trial at law, fraud in the *execution of a deed* may be given in evidence, as that, through misreading, or the substitution of one paper for another, or by other device and trickery, he was induced to seal it, believing, at the time, that he was sealing something else; and it may also be proved that what purports to be a deed, is in truth not a deed, but a forged instrument; but it can not be proved that the transactions which preceded and induced the execution of the deed were fraudulent. Where a party knowingly and voluntarily signs a deed, although he do so in violation of his duty and of the laws, or be induced thereto

by the fraudulent contrivances of others, yet if it be such, upon its face, as will convey title, it can only be impeached and set aside, and parol evidence be received for that purpose, in a court of equity. Kerr on Fraud and Mistake, (Bump's ed.) 332; Story's Eq. Jur. (6th ed.) sec. 437; *Taylor* v. *King*, 6 Munf. 358; 8 Am. Dec. 748, note. This rule has been repeatedly applied by this court to cases in nowise distinguishable, in principle, from the present case. *Reece* v. *Allen*, 5 Gilm. 236; *Graham* v. *Anderson*, 42 Ill. 514; *Dawson* v. *Hayden*, 67 id. 52; *Rice* v. *Brown*, 77 id. 549; *Chapin* v. *Billings*, 91 id. 539; *Equitable Trust Co.* v. *Fisher*, 106 id. 189; *Kepley* v. *Luke*, id. 395.

The objection pressed in argument to the ruling of the trial court in admitting in evidence certain chancery proceedings and decrees, is not material, since all the evidence offered by appellant having been properly ruled out, his defence was gone, and appellee was entitled to judgment. It is enough to say that nothing in the chancery suit militates against the legal title of appellee. The primary object of that suit was to enjoin the sale, and that not having been done, as affected by the supplementary bill, its ultimate object was to set aside the sale and enjoin the present suit. The final decree confirmed appellee's title, and the fact that a cross-bill by him, praying its confirmation, was dismissed, did not impair that decree. If it be conceded these chancery proceedings do not strengthen appellee's legal title, it must also, at the same time, be conceded they do not weaken it. At most, they are but useless lumber in the record. At law appellee has the legal title, and by virtue of it the immediate right of possession, and it properly prevailed.

The judgment is affirmed.

*Judgment affirmed.*