JAMES D. JOHNSON AND GEORGE P. BLAIR

v.

CHARLES D. WILSON.

*Landlord and Tenant—Recovery of Rent—Respectability of Neighborhood—False Representations—Court of Equity.*

Fraud is a good defense at law to an action upon a sealed instrument, if the fraud is such as shows that the party has been tricked into signing an instrument that he did not intend to execute, but such defendant can not show in an action at law, that he was induced to sign by fraudulent representations as to collateral matters, or as to the nature and value of the consideration.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. WILBER & CLARK, and JOHN W. SMITH, for appellants.

Messrs. JAMES B. MUIR and ROBERT H. VICKERS, for appellee.

MORAN, J.   This was an action to recover rent, brought on a lease under seal, executed by appellants.   The defense was that appellants were induced to enter into the lease by false representations as to the respectability and purity of the neighborhood in which the dwelling leased was situated.

Much evidence was introduced pro and con on the matter of this defense, and the court, to whom the case was submitted for trial, found the issue of fact in favor of appellee.   The judge might have saved much trouble had he applied a well settled principle, and excluded all evidence tending to show that the execution of the lease was induced by false and fraudulent representations.   Fraud will be a good defense at law to an action upon a sealed instrument, if the fraud is such as shows that the party has been tricked into signing an instrument that he did not intend to execute, such as misreading the instrument, the surreptitious substitution of one paper written for another, or the like.   But the defendant is not allowed to show, in an action at law on such an instrument, that he was induced to execute it by fraudulent representations as to collateral matters, or as to the nature and value of the consideration.   Jackson v. Hills, 3 Cowen, 290 ; Windett v. Hurlbut, 115 Ill. 403 ; Gage v. Lewis, 68 Ill. 604 ; Escherick v. Traver, 65 Ill. 379 ; George v. Tate, 102 U. S. 564.   Cases cited in notes to Collins v. Blanturn, 2 Smith's L. C. p. 689.

Taking all the evidence introduced by appellants as true, it did not make out a legal defense.   If they wished to avoid the lease on the ground of false representations, they should have applied to a court of equity.

The judgment must be affirmed.

*Judgment affirmed.*