## Sebastian v. Hill et al.

1. TENANCIES—*From Month to Month—Implication from Payment of Rent.*—From the occupation and payment of monthly rent the law creates a tenancy from month to month.

Memorandum.—Action for rent. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

Jesse Holdom, attorney for appellant.

P. McHugh, attorney for appellees.

Mr. Justice Gary delivered the opinion of the Court.

The appellees sued the appellant for rent accruing after November, 1890. The appellant quit in October and paid the rent for November. The only contest is whether the appellant was tenant from month to month or by the year.

The parties had a conversation about the rent which Hill testified terminated in an agreement that the appellant would take a lease for three years, but if after one year the appellant, who was in the service of the Rock Island road, should be removed from service in Chicago, then the lease should become invalid. Hill then sent to the appellant, after he had moved into the house, a lease for three years, from October 1, 1889, containing this clause:

" It is expressly understood and agreed by and between the parties hereto that if said John Sebastian, being now connected with the Chicago, Rock Island & Pacific Railroad Company, shall by reason of his connection with said company be obliged to remove from said city of Chicago, notice of this shall be given by the said party of the second part to the said party of the first part, and this lease shall then terminate at the end of the fiscal year in which said notice shall be given."

Sebastian returned the lease with this letter:

" Chicago, Dec. 14, 1889.

Mr. J. J. Hill, Chicago, Ill.

*Dear Sir:* I am sorry to have bothered you regarding the payment of last month's rent, but absence in California prevented the payment of same. I send you by bearer $70 for rent during the month of December, and return herewith lease for my house, which, if you will have rearranged, leaving out the clause regarding my employment

with the company, I will be glad to sign same, and I will prefer to have it in that way. Make the lease up to the end of the year from the time I occupy the house. I trust this will be satisfactory.

JOHN SEBASTIAN."

Then Hill went to Sebastian; got angry; would not make the lease as Sebastian wanted it; and went away saying, " I shall hold you for that rent and that is all there is to it."

It is clear enough that the only contract between these parties which the law can enforce, is the contract which the law will imply from their conduct. The lease sent was not such as Hill said was agreed upon. The word "fiscal" has no meaning in the connection in which it is used, and with Hill's definition of it, "from October to October," the lease could not "become invalid" at any other time than the end of some month of September or October.

Whatever might be the effect of the letter if Hill had accepted its terms, no contract can be made out of it, as it takes two to make a bargain.

From the occupation and payment of monthly rent the law creates a tenancy from month to month. Creighton v. Sanders, 89 Ill. 543; Warner v. Hale, 65 Ill. 395.

This result is fatal to the appellees' case, and the judgment is reversed and the cause remanded.