## Samuel Friedman v. H. Schwabacher and J. Schwabacher.

     1.  LEASE—*Where the Tenant Takes the Premises as he Finds Them.*
—When a lessee enters into a contract of lease whereby he covenants
that he has received the premises in good repair and agrees to keep
them so at his own expense, there is no implied contract on the part of
the lessor that the demised premises are tenantable or that they will
continue to be so during the term.   The lessee takes the premises as he

finds them and must hold them subject to whatever covenants his lease contains.

2. PAROL EVIDENCE—*Sealed Instrument.*—It is improper to admit parol evidence to vary the terms of a lease under seal.

Assumpsit, for rent. Appeal from the County Court of Cook County; the Hon. C. A. BISHOP, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

BLUM & BLUM, attorneys for appellant.

ASHCRAFT, GORDON & COX, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment recovered for one month's rent under a written lease of certain premises in Chicago.

The lease is not shown in the abstract, but we gather from the testimony of the appellant that he was the lessee and moved into the premises on the first day of May, 1893, and " moved out the end of November." And we infer from the testimony of one Porter, a witness for the appellees, that the " rent for December has not been paid," and that appellant " said he would not pay it;" that the lease by its terms obligated appellant to pay rent for some month of December—presumably that first succeeding the November in which appellant moved out, in whatever year that may have been.

All that the abstract shows concerning the lease is as follows:

" Plaintiff offers lease between the parties in evidence, which provides for the payment of rent in advance at the rate of $140 per month. Leases the premises known as the store and basement No. 472 State street; contains among other covenants the one that appellant has received the premises in good repair and agrees to keep the same in repair at his own expense."

Thereupon the appellant by his counsel made a general offer of proof as follows :

" Now, if the court please, I make an offer to prove as

follows : To show that the plaintiff, before the lease was signed, proposed to defendant to lease him the premises in question; that is, the store and basement; the second and third floors were occupied by other tenants. That he had not seen the premises. That plaintiffs promised him to place them in good tenantable condition, and after signing the lease, the landlord did have men at work painting and papering the premises for ten or twelve days. That when defendant moved in he found the premises filled with sewer gas, the basement filled with water, so that it was necessary to practically float about in order to make any progress. That there was only one water closet in the building, and that was in the basement, to which all the tenants had access. That the basement was filthy; in bad condition; that defendant repeatedly complained to plaintiffs about this condition, and as often they promised to alter it and place the premises in proper condition; that he remained in the premises for about fourteen to eighteen months, and finding that the premises were not placed in proper condition as promised, and his family having become ill on account of the unsanitary condition existing, he removed."

To which offer the court sustained an objection. It was then stipulated by counsel that one Barrow, an expert plumber, would testify, if his testimony were competent and he were allowed to testify, as follows: "He examined the premises November 18, 1894, and found them filled with sewer gas and the basement filled with water and the catch-basin in bad condition, and the premises in such an unsanitary condition that it was highly dangerous to health."

Looking specifically at the above general offer, it will be observed that although mention is made of the occupancy of other parts of the building by other tenants, and that such tenants had access to the one water closet in the basement, there was no offer to show that appellant's premises suffered in any respect from such facts. If, as seems by the portion of the lease that is abstracted, the basement was a part of appellant's premises, he alone was at fault if he permitted unauthorized persons to use the water closet therein located to his detriment.

What the rights of a lessee of a part of a building may be under an eviction because of the doings of tenants of other parts of the building is not a question made upon this record, and we will not discuss it.

When a lessee enters into a contract of lease whereby he covenants that he has received the premises in good repair and agrees to keep the same in repair at his own expense, there is no implied contract on the part of the lessor that the demised premises are tenantable, or that they will continue to be so during the term.

In such a case the lessee takes the premises as he finds them, and he must hold them subject to whatever covenants his lease contains. Johnson v. Wilson, 33 Ill. App. 639; McCoull v. Herzberg, 33 Ill. App. 542; Blake v. Ranous, 25 Ill. App. 486; Platt v. Farney, 16 Ill. App. 216.

And it would have been improper to admit parol evidence to vary the terms of the lease, it being sealed. No authorities are needed on so familiar a proposition.

The offered evidence was properly excluded, and the judgment of the County Court is affirmed.