## Anna M. Borggard v. Stephen F. Gale.

1. WRITTEN INSTRUMENTS—*Merger of Prior Agreements.*—All agreements prior to the execution of a written instrument, in relation to the same subject-matter, are merged in the written instrument.

2. LEASES—*Seal Not Necessary.*—A seal is not necessary to the validity of a lease.

3. LANDLORD AND TENANT—*Landlord Liable for Concealed Defects Not Revealed to Tenant.*—Where there are concealed defects in the demised premises, attended with danger to a tenant, and which a careful examination would not discover, but which are known to the landlord, the latter is bound to reveal them, in order that the tenant may guard against them; and upon his failure to perform such duty he will become liable for whatever damages naturally result to the tenant therefrom.

4. SAME—*Not the Duty of the Landlord to Disclose Apparent Defects*—*Caveat Emptor.*—No active duty is imposed upon the landlord to disclose apparent defects which are equally within the knowledge of the tenant. The rule of *caveat emptor* applies in such a case with full force.

5. SAME—*Landlord Not Liable to Tenant for a Nuisance.*—The landlord is not liable to the tenant for a nuisance existing on the premises at the time the lease was made.

6. SAME—*Landlord Not Bound to Repair in the Absence of a Special Agreement.*—The landlord is not bound to repair unless he has specially agreed to do so in the lease.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

JAMES HARVEY HOOPER, attorney for plaintiff in error.

Borggard v. Gale.

The landlord is liable to his tenant for any injury flow-ing from a defective construction of the building.    Vol. 12 (1st Ed.), Am. & Eng. Ency. of Law, 687.

The landlord is liable for a nuisance created by him. Vol. 12 (1st Ed.), Am. & Eng. Ency. of Law, 695.

It is a general rule that the owner of a building which is occupied by a tenant is not responsible for injuries arising from a failure to keep the premises in good repair unless, first, the landlord had, by express agreement with the ten-ant, agreed to repair; or, second, unless the premises are let with a nuisance upon them by means of which the injury complained of is received.    Stephani v. Brown, 40 Ill. 428; Gridley v. Bloomington, 68 Ill. 47; Reichenbacher v. Pah-meyer, 8 Ill. App. 217; Tomle v. Hampton, 129 Ill. 383.

HAYNIE R. PEARSON and SAMUEL W. JACKSON, attorneys for defendant in error.

To the tenant the landlord is not liable for a nuisance existing on the premises at the time when the lease was made nor for any defects therein unless the defect is latent and the landlord has been guilty of fraud or actual deceit in the letting.    Wood, Landlord & Tenant (2d Ed.), page 1292; Blake v. Ranous, 25 Ill. App. 486; McCoull v. Herzberg, 33 Ill. App. 542; O'Brien v. Capwell, 59 Barb. (N. Y.), 497; Jaffe v. Harteau, 56 N. Y. 398.

There is no implied contract on the part of a landlord that the leased premises are tenantable or that they will continue so during the term, nor is he bound to repair unless he has expressly agreed to do so in the lease or con-tract of hiring.    Blake v. Ranous, 25 Ill. App. 490; McCoull v. Herzberg, 33 Ill. App. 542; Sutton v. Temple, 12 M. & W. 52; Hart v. Windsor, 12 M. & W. 68; Am. & Eng. Ency., Vol. 18 (2d Ed.), 216.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff in error brought an action on the case in the Superior Court for injuries occasioned by her falling into a hole in premises rented to her husband by the defendant.

The case was submitted to a jury and a verdict for the defendant returned and a judgment thereon entered. Through a writ of error plaintiff has brought the record to this court for review. Two grounds for reversal of the judgment are urged. First, it is argued that the verdict is contrary to the evidence. Upon the question of liability the only testimony in the case is that of the plaintiff in her own behalf, and F. E. Locke in behalf of the defendant. The plaintiff testified that there was a hole in the floor of one of the rooms when she and her husband took possession of the premises, the existence of which was unknown to her; that on the fourth day of September, 1896, into this hole she unavoidably stepped and thereby was injured; that she herself on the first day of said month rented the premises. On the other hand, F. E. Locke, defendant's agent who leased the premises to plaintiff's husband, testified that the plaintiff, on or before the second day of September, pointed out to him the said hole and requested them to repair the floor; that he did not afterward inform her that the floor was repaired and that she could move in on the fourth of September; that he stated to her that he did not wish the premises occupied until his men, who were working upon the said premises, had finished; that on the day of the alleged accident his carpenter was still at work in the building. But instead of the plaintiff herself being the lessee of the premises a written lease thereof dated September 2, 1896, was made to her husband as lessee. Witnesses directly contradicted each other, and it was exclusively for the jury to determine where lay the preponderance of the evidence. Her husband was the tenant, and his written lease, executed two days before the accident, contained the following stipulation:

" That he (plaintiff's husband) has examined and knows the condition of said premises and has received the same in good order and repair and that no representation as to the condition or repair thereof has been made by party of the first part or his agents, prior to, or at the execution of this lease that is not herein contained or herein indorsed; that he will keep the said premises in good repair during this lease at his own expense."

Borggard v. Gale.

From the record it would appear that the plaintiff sought to recover in this case on the alleged ground that the premises were rented to her and that they were rented without notice to her of their defective condition. It is clear that the premises were not rented to her, but to her husband.

Under the stipulations of the lease, if the husband on the day of the alleged accident had stepped into the hole in question and been injured, he could not have recovered for his injuries. It is too well established to require the citation of authorities that all agreements prior to the execution of the lease were merged in the written instrument.

Suggestion is made that the lease was not under seal.

A seal was not necessary to its validity. Lake v. Campbell, 18 Ill. 106; Loach v. Farnum, 90 Ill. 368.

With candor counsel for plaintiff admits " that the jury did the only thing they might under the instructions."

In the view we take of the evidence on the question of liability, it is unnecessary for us to consider the extent of the alleged injuries of plaintiff. We are unwilling, then, to disturb the verdict of the jury, unless it appears that they were incorrectly instructed as to the law of the case. It is contended that there is error in the second instruction. Therein the jury were instructed that the defendant was not liable to the plaintiff for any injuries which she may have sustained after her husband took possession of the premises under the terms of the said lease even though said premises were let with a nuisance upon them by means of which the injury was received, unless through fraud or concealment of the defendant, whereby the tenant was deceived into taking possession of the premises without knowledge of the existence of such nuisance. This form of instruction is subject to criticism, but when applied to facts of this case is substantially correct. The only objection against it urged by counsel for plaintiff in error is that it states that "defendant is not liable, unless he practiced fraud or concealment as to the nuisance."

In many states it is held that when there are concealed defects in the demised premises, attended with danger to a

tenant and which a careful examination would not discover, but which are known to the landlord, the latter is under an obligation imposed by law to reveal them, in order that the tenant may guard against them, and upon the landlord's failure to perform such duty he will become liable for whatever damages naturally result to the tenant therefrom. Thus it has been held that when one knowingly lets premises infected with a contagious disease, and fails to inform the tenant thereof, he is liable for injury resulting therefrom. Booth v. Merriam, 155 Mass. 521; 18th Am. & Eng. Ency. of Law (2d Ed.), 224.

In such cases the landlord, on his failure to disclose concealed defects known to him in the demised premises, is sometimes held to be liable for injuries to the family or guests of the tenant as well as injuries directly to the tenant. But it is a well recognized rule in all courts that no active duty is imposed upon the landlord to disclose apparent defects which are equally within the knowledge of the tenant. The rule of *caveat emptor* applies in such a case with full force. Doyle v. U. P. R. R. Co., 147 U. S. 413.

" To the tenant, the landlord is not liable for a nuisance existing on the premises at the time the lease was made nor for the defects therein, unless the defect is latent and the landlord has been guilty of fraud or actual deceit in the letting." Wood's " Landlord and Tenant," 921; Blake v. Ranous, 25 Ill. App. 486.

Under the evidence in the case at bar the hole in the floor had been cut out, was eight inches long by six inches wide and was not a latent defect, and no claim was made that the defendant or his agent had been guilty of fraud or concealment with reference to the said contract of leasing. The landlord is not bound to repair unless he has especially agreed to do so in the lease. McCoull v. Herzberg, 33 Ill. App. 542.

If the defendant promised to repair the floor after the execution of the lease such promise was a mere *nudum pactum* and no liability would exist for a failure on his part to make such repairs.

We have examined all the cases cited by counsel for

appellant, but are of the opinion that they are not controlling in the case at bar. They are sidewalk cases with their peculiar facts, or, as in Reichenbacher v. Pahmeyer, 8 Ill. App. 217, treat of defects entirely different from the one before us. In the latter case the court finds that the defect on the premises was not apparent to an observer.

Some criticism is made of the third instruction. It is sufficient, however, to say that the lease in question was in writing and between the defendant, as lessor, and plaintiff's husband, as lessee. No serious claim can be made that there was other leasing than that which was evidenced by the written lease in evidence. In our opinion the law applicable to the case was correctly stated and we are therefore of the opinion that the judgment of the Superior Court should be affirmed.