## Fowler Cycle Works v. Fraser & Chalmers.

1.  LANDLORD AND TENANT—*Where Lessee Covenants in Lease that he Has Received the Premises in Good Repair and that He Will Keep Them So.*—Where a lessee knowingly joins in a lease in which he covenants that he has received the premises in good repair and that he will keep them so, he takes the premises as he finds them.

2.  SAME—*Liability of Landlord in Absence of a Covenant to Repair.* —In the absence of a covenant to repair, the landlord is not bound to keep the building inhabitable, and he is therefore not liable for damages resulting to the tenant by reason of the demised premises being out of repair.

3.  SAME—*Promise to Repair Made after Lease is Executed, a Nudum Pactum.*—A promise to repair, made after the lease is executed, is a mere *nudum pactum,* which creates no liability upon the part of the landlord to make such repairs.

4.  MAXIMS—*Application of Maxim that Every Person Must so Use His Own Premises as Not to Injure Others Rightfully Therein.*—The liability of a landlord for damages because he leased the premises knowing that there were concealed defects therein, of which the lessee was ignorant, which defects rendered the occupation of the premises dangerous, does not rest upon the relation of landlord and tenant, but is founded upon the maxim that every person must so use his own premises as not to injure others rightfully therein.

5.  FRAUD—*Sufficient to Defeat an Action at Law upon a Sealed Instrument.*—Fraud which will defeat an action at law upon a sealed instrument is confined to fraud in the execution of the instrument, such as the misreading of the instrument, the substitution of one paper for another, or where, by any other device or trickery, the maker was induced to sign and seal it, believing at the time he was signing and sealing a different paper.

6.  SAME—*Where Sealed Instrument Can Only be Set Aside in a Court of Equity.*—Where a person, knowing what he signed, was induced to

sign a sealed instrument by fraudulent representations as to collateral matters, or as to the nature and value of the consideration, such instrument can not be set aside except in a court of equity.

**Distress for Rent.**—Three cases consolidated. Appeals from the Circuit Court of Cook County; the Hon. GEORGE W. PATTON presiding in one case, and the Hon. EDWARD P. VAIL in the other two. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 15, 1903.

CHARLES J. TRAINOR, attorney for appellant.

TENNEY, MCCONNELL, COFFEEN & HARDING, attorneys for appellee.

The defense that the defendant was induced to enter into the lease by false representations as to the condition of the roof was not permissible in the case; and the demurrer to the special pleas setting up that defense was properly sustained. Johnson v. Wilson, 33 Ill. App. 639; Windett v. Hurlbut, 115 Ill. 403; Morey v. Pierce, 14 Ill. App. 91, 95; Wood on Landlord and Tenant (1st Ed.), 922, 805; Loach v. Farnum, 90 Ill. 368, 369; 18 Am. & Eng. Ency. Law (2d Ed.), 224, 225; Kern v. Myll, 80 Mich. 525.

Under the lease in question there was no liability on the part of the landlord to repair; and the facts claimed by the appellant in its pleas and in its offers of evidence at the trial do not tend to establish an eviction. Burnham v. Martin, 90 Ill. 438; Leiferman v. Osten, 167 Ill. 93, and cases cited; 18 Am. & Eng. Ency. of Law (2d Ed.), 215; Sunasack v. Morey, 196 Ill. 569.

MR. JUSTICE BALL delivered the opinion of the court.

In case No. 10,883 appellee filed a distress warrant against appellant to recover two and one-half months' rent, due August 1, 1900, for certain premises leased by the former to the latter. Appellant filed the general issue and a special plea. To this special plea (which in fact is six pleas combined in one) appellee, after craving *oyer* of the lease and setting it out in full, so that, for the purpose of determining the sufficiency of the plea, it became a part of the record, demurred to the same. This demur-

rer was sustained, and appellant was given ten days within which to file additional pleas. More than twenty days after the time granted for that purpose had expired, appellant filed additional special pleas. These pleas were stricken from the files because they were not filed in apt time. While the demurrer was pending, and without leave of the court, appellant, it is said, filed a notice of set-off, which on motion was stricken from the files. We do not find such notice in the record. Thereupon a trial was had upon the issue made by the distress warrant as a declaration, and the plea of the general issue. Appellant offered evidence tending to prove that at the time of the execution of the lease it was assured by appellee that the roof of the building was in a good state of repair, while the fact was that it leaked in many places so that the goods of appellant were damaged by the rain and its business delayed; and also that upon complaint being made appellee promised to repair such roof, but never did so; whereby appellee was evicted, etc. All of this evidence was objected to by appellee, and was excluded by the court. This evidence was in accord with the defenses set forth in the special plea. If the demurrer to the special plea was properly sustained, the ruling of the court upon the evidence offered was correct; otherwise that ruling was error. The *oyer* of the lease showed it to be under seal. In it appellant expressly covenanted that it "has examined the premises and knows the condition of said premises, and has received said premises in good order and repair," and at the termination of said lease in any way will restore said premises to appellee in as good condition as when entered upon. There is no covenant in the lease that the landlord shall keep the premises in repair.

Cases Nos. 10,884 and 10,885 are actions of distress for rent subsequently accruing under the same lease. The several records are substantially the same. The cases were consolidated and are argued here as one.

The claim that because the lease contains a covenant on the part of appellant to "repair all damages to said

Fowler Cycle Works v. Fraser & Chalmers.

premises or shafting or machinery conveying said power, occasioned by the fault or negligence of the party of the second part," therefore it became the duty of appellee to make all other repairs, in view of the provisions of the lease, is not well founded.

Where the lessee knowingly joins in a lease in which he covenants that he has received the premises in good repair and that he will keep them so, he takes the premises as he finds them. (Friedman v. Schwabacher, 64 Ill. App. 422, 425.) In the absence of a covenant to repair, the landlord is not bound to keep the building inhabitable; and he is therefore not liable for damages resulting to the tenant by reason of the demised premises being out of repair. (Sunasack v. Morey, 196 Ill. 569.) The alleged promise to repair, made after the lease was executed, is a mere *nudum pactum*, which creates no liability upon the part of the landlord to make such repairs. Blake v. Ranous, 25 Ill. App. 490.

The cases cited by appellant, in which the landlord is held liable for damages because he leased the premises knowing that there were concealed defects therein, of which the lessee was ignorant, which defects rendered the occupation of the premises dangerous, do not rest upon the relation of landlord and tenant, but are founded upon the maxim that every person must so use his own premises as not to injure others rightfully therein. (18 Am. & Eng. Ency. 244 (2d Ed.); Kern v. Myll, 80 Mich. 525; Woods on Landlord and Tenant, 805.) Such a violation of this maxim is ground for an action in tort.

The plea in effect alleges that the roof of the demised premises was defective and leaky at and before the execution of the lease, of which condition appellant was then ignorant, and that appellee then falsely represented that the roof was sound and perfect. To an action upon a sealed instrument such a plea presents no defense. The rule is elementary in this state, where the distinction between law and equity is preserved, that the fraud which will defeat an action at law upon a sealed instrument is

confined to fraud in the execution of the instrument, such as the misreading of the instrument, the substitution of one paper for another, or where, by other device or trickery, the maker was induced to sign and seal it, believing at the time he was signing and sealing a different paper; if, however, knowing what he signed, he was induced to sign it by fraudulent representations as to collateral matters, or as to the nature and value of the consideration, it can not be set aside except in a court of equity. ·(Windett v. Hurlbut, 115 Ill. 403; Johnson v. Wilson, 33 Ill. App. 639.) These cases have not been departed from. On the contrary they have been many times re-affirmed.

The facts set forth in the special plea not being admissible in an action at law upon a lease under seal, the demurrer to that plea was properly sustained. If it be true that a notice of set-off was filed in the case and afterward stricken from the record, the then state of the pleadings justified such action. Had it remained, evidence in support of it was incompetent.

At the close of all the testimony the court directed the jury to return a verdict for appellee. Under the pleadings and the evidence this order was right.

The judgment of the Circuit Court in each of said cases is affirmed.