**Joseph H. Strong, Administrator, v. Nathan Soodvoisky.**

**Gen. No. 13,872.**

1. LANDLORD AND TENANT—*when new tenancy does not arise.* Where leasing is made from month to month, a re-letting is not deemed to take place at the recurring of each month.

2. LANDLORD AND TENANT—*upon whom obligation to make repairs rests.* The obligation to keep premises in repair rests upon the tenant rather than upon the landlord.

3. PERSONAL INJURIES—*when landlord not liable for.* A landlord is not liable for personal injuries suffered by the child of a tenant where he (the landlord) is under no obligation to keep the premises in repair, nor would such liability exist if, after the letting, the landlord makes and breaks a promise to repair, as such a promise would be a mere *nudum pactum.*

Action in case for death caused by alleged wrongful act. Error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed May 18, 1908.

JOHN C. KING and WILLIAM J. KING, for plaintiff in error; JAMES D. POWER, of counsel.

ADLER & LEDERER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff's intestate, a child nearly four years of age, came to its death by falling out of a window of a

flat rented by his mother from defendant, the land-
lord. The window it is claimed was out of repair, in
that the catch or fastening between the upper and
lower sash was broken; that the sash weights caused
the window to suddenly ascend, and the child fell out.
Just how the accident occurred is not explained by the
proofs. What the child was doing at the window just
before he fell to his death the proof fails to disclose.
There were no eye witnesses of the accident who testi-
fied. The mother of the child was in the room with
him at the time and had very shortly before talked
with him, but while she was a witness she admits she
did not see the occurrence. She was oblivious of the
fact that her child had met with an accident until she
heard a commotion in the street caused by the child's
falling out of the window to the street below.

This suit is brought under the statute for compensa-
tion to the next of kin for damages suffered by them
from the death of the intestate resulting, as it is con-
tended, from negligence attributable to defendant.

On the motion of defendant made at the close of the
plaintiff's case, the court instructed the jury to find
a verdict for the defendant. Upon such verdict a
judgment of *nil capiat* was entered, and this action of
the court is assigned as reversible error.

Mrs. Prince, the mother of the child, was a tenant
by the month of the premises where the accident oc-
curred, and at the time of its happening occupied the
premises with her husband and children as a resi-
dence. From the testimony of Mrs. Prince it seems
she rented the premises in the month of May, 1899,
at a rental of seven dollars a month. She paid the
rent monthly in advance. The renting rested in parol
by a verbal agreement. Mrs. Prince testified that her
rent day was on the eighth of the month. She paid
one month's rent on August 11, 1899, and the receipt
offered in evidence by plaintiff recites that the seven
dollars then paid was rent from August 11th to Sep-
tember 11, 1899. Mrs. Prince further testified that

defendant called for the next month's rent on September 9, 1899; that defendant said to her, "Well Mrs. Prince, I thought you would take down the rent;" she answered, "I want you to come up for it this time." He asked why, and she said, "I want you first to fix that window; do you see that catch or whatever you call it; it is broken off." She told defendant further that the catch was half on the window and that half was broken on the left-hand side. Defendant examined it and said it was a little thing, and that he would fix it for her, saying, "I will do it as quick as I can." She paid him four dollars and stated that she would pay the remaining three dollars when the catch was fixed. Defendant thereupon left, and the accident happened two days thereafter and before defendant fixed the catch.

Plaintiff grounds the right to recover upon the claim that the leasing was from month to month, and in law a new term commenced with each succeeding month of the tenancy, and that where a landlord leases premises with a known dangerous place in them, he is liable for resulting injuries as for negligence. That an agreement to repair unperformed makes the landlord liable for injuries following upon a failure to make such repairs.

We do not agree with any of these contentions. In the first place, while the tenancy was by the month, it does not follow that each month of occupancy created a new demise. Such a tenancy is not a reletting at the beginning of each recurring month. Hall v. Sherrod, 97 Ill. App. 298.

It is plain that under such a holding the right to occupy could not be terminated upon the part of the landlord except by his giving to the tenant a thirty day notice of his intention to terminate such monthly tenancy. This is the statute law of this state. R. S., chap. 80, sec. 6. Occupation and payment of monthly rent creates a tenancy from month to month. Sebastian v. Hill, 51 Ill. App. 272. This was the relation-

ship between Mrs. Prince and defendant. That the
landlord is not bound to repair the demised premises,
but that such duty rests upon the tenant, in the ab-
sence of an agreement to the contrary, is so well settled
in this jurisdiction that it must be regarded as no
longer open to question or doubt. Sunasack v. Morey,
196 Ill. 569. In this case the court say: "In the ab-
sence of a covenant to repair, the landlord is not bound
to keep the building inhabitable; and he is therefore
not liable for damages resulting to the tenant by rea-
son of the demised premises being out of repair."

. But if the contention of plaintiff was well taken
there is no evidence that at the commencement of the
new monthly tenancy, September 8, 1899, there was
any "dangerous place" upon the premises. When the
catch got out of repair is not shown, although it fairly
appears that the defendant first knew of the condition
of the catch by Mrs. Prince's calling his attention to
it after the new tenancy had commenced. Further-
more, having reference to the nature of the defect, we
are not prepared to say that it was of such a character
as to fall within the designation of a dangerous place.
If the catch had been in a perfect condition of repair
the act of leaving the window open might have re-
sulted in the same kind of an accident. Nor can it be
said from the testimony that even had defendant been
liable to make repairs to the catch that the delay so
to do after knowledge of the defect came to defendant
was of sufficiently long duration as to charge him with
negligence. It was but two days from the alleged
promise to the lamentable accident. Neither can we say,
after a careful reading of the testimony, that the ac-
cident is attributable to the defective catch on the
window sash, or that such defect was the proximate
cause of the accident.

It is also the law that an agreement upon the part
of the landlord with the tenant to repair the demised
premises after the making of the lease and the de-
livery of possession thereunder, is a *nudum pactum*

and not binding upon the landlord. The agreement to repair, if ever made, was not made at the commencement of the relationship of landlord and tenant between defendant and Mrs. Prince, even upon the theory that a new letting occurred September 8, 1899, the rent day. As said in Borggard v. Gale, 107 Ill. App. 128, "If the defendant promised to repair the floor after the execution of the lease, such promise was a mere *nudum pactum,* and no liability would exist for a failure on his part to make such repairs." On further review this decision was affirmed in 205 Ill. 511.

To a like effect is Fowler Cycle Works v. Fraser & Chalmers, 110 Ill. App. 126.

The judgment of the Superior Court is affirmed.

*Affirmed.*