## Samuel Donian, Appellee, v. Samuel Fox, Appellant.

## Gen. No. 18,247.

1. LANDLORD AND TENANT—*effect of recital in lease of examination of premises, etc.* If premises are unfit for occupation by reason of a condition not ascertainable by an ordinary examination, a recital in a lease that such premises have been examined and are in good condition will not estop the assertion in equity of the true condition of such premises.

2. LANDLORD AND TENANT—*when lease cannot be disaffirmed.* A person claiming to be defrauded must disaffirm the contract at the earliest practicable moment after discovering the fraud. He will not be permitted to deal with the subject-matter of the contract and afterwards rescind it.

3. FRAUD—*when available at law; when only in equity.* Fraud in the execution of an instrument under seal, such as misreading it, or the substitution of one paper for another, or where by device or trickery the maker is induced to sign and seal it, believing he is signing and sealing a different paper, is available as a defense in an action at law, but fraud which goes to the nature and value of the consideration is only available for purposes of relief in a court of equity.

Bill for injunction. Appeal from the Superior Court of Cook county; the HON. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed April 24, 1912.

JOHN C. WILSON, for appellant.

EMIL A. MEYER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an appeal from an interlocutory order of the Superior Court overruling appellant's motion to dissolve an injunction theretofore granted, restraining appellant from levying executions on certain judgments or attempting to collect said judgments, and from attempting to collect any installments of rent thereafter to become due by the terms of a certain lease.

The bill alleges, in substance, that on September 15, 1909, the parties entered into a written lease under seal, whereby appellant let to appellee a barn for livery and stable purposes, for a term ending April 30, 1912, at a rental of $6 per month until April 30, 1910, and $10 per month thereafter; that said stable is built of brick and stone and contains a wooden floor, which floor is about four feet above the ground and is supported by wooden joists and wooden posts; that said stable from the upper surface of the floor to the ground was enclosed on all sides by walls, so that said joists and posts could not be seen; that appellee examined said barn as far as he was able to see, but could not make an examination of said posts without tearing up the floor or tearing out a part of the walls, and necessarily relied upon the duty of appellant to inform appellee of such defects and conditions which were known to appellant and not known to appellee, and upon the representations of appellant; that said posts, at the time of letting said barn, were rotten and decayed so as to be unsafe to stable horses therein, and such fact was then known to appellant and was unknown to appellee; that appellant knowingly concealed and willfully failed to inform appellee of said rotten condition

of said posts, and then and there for the purpose of inducing appellee to execute said lease, represented to appellee that said barn was in good condition; that appellee did not commence the stabling of horses in said barn until about May 1, 1910, and that during the months of August and September, 1910, said posts on the west end of the barn gave way and precipitated one of his horses upon the ground seriously injuring said horse; that appellee thereupon put a fence around the fallen partition of said floor, and at the earliest opportunity within five days thereafter, notified appellant to put in new posts, or he would vacate the premises; that appellant then stated he would repair said fallen portion and do the necessary work to make the barn safe; that appellee relied on appellant's promise to repair and make the barn safe and continued to occupy the east half of said barn which had not fallen, but was then becoming unsafe, and paid appellant the rent in full; that every month about the time appellee paid the rent, appellant renewed said promise to repair, but failed to keep said promise; that on February 8, 1911, appellee sent to appellant the rent for February and notified him in writing that unless he fixed said barn so appellee could use it, he would vacate it; that at the time of giving said notice, the portion of the floor that had not fallen had become dangerous by reason of the rotten condition of said posts; that before May 1, 1911, appellee vacated said barn, as he could no longer use it; that appellee proposed that he would put in the necessary posts and deduct the cost, about $200, from the rent, but appellant refused. The bill further alleges that said lease contains a power of attorney to confess judgment for any rent due, and that on April 11, 1911, appellant procured the confession of a judgment against appellee for $30 and costs, and on July 5, 1911, another like judgment for $50 and costs, and appellant threatens to procure other like judgments under said lease and will do so unless re-

strained by injunction; that appellant has placed executions in the hands of the bailiff of the Municipal Court, and threatens to levy the same, and will levy the same, unless restrained by injunction; that the failure of appellant to inform appellee of the rotten condition of the premises constitutes fraud; that the fraud set forth does not go to execution of the lease, but to the nature and value of the consideration, and such fraud does not constitute a defense at law and can only be relieved against in equity; that the execution of said lease was procured by fraud and is void, and was void at the time said judgments by confession were entered. The bill prays that said judgments may be set aside and said lease declared void; that appellant be enjoined from levying executions on said judgments or attempting to collect the same, and that appellant be enjoined from attempting to collect any of the installments of rent to become due.

The lease, a copy of which is attached to the bill, contains provisions to the effect, in substance, that appellee has examined and knows the condition of the premises, and has received the same in good order; that no representations as to the condition and repair thereof have been made by appellant prior to or at the time of the execution of said lease, not expressed or endorsed thereon; that appellee will keep said premises in good repair, and that appellant shall not be liable for any damage occasioned by a failure to keep said premises in repair.

The ground assigned in support of the motion to dissolve the temporary injunction issued was want of equity apearing upon the face of the bill.

We shall consider the several contentions of appellant in the order in which the same are advanced.

*First.* The averments of the bill must be taken as true. If the appellant knew of the rotten condition of the posts that supported the floor of the barn and such condition was not discoverable by appellee by the ex-

ercise on his part of the diligence required in the proper inspection of the premises, the parties to the lease do not stand upon an equal footing. Even appellant does not contend that the duty devolved upon appellee to take up the floor of the barn for the purpose of examining the condition of the posts, and it is clear that no such duty was imposed upon him.

*Second.* The recitals in the lease to the effect that appellee had examined and knew the condition of the premises, and had received the same in good order, etc., are not operative to estop him from asserting the relief prayed in the bill. Like recitals were contained in the lease involved in Borggard v. Gale, 205 Ill. 511, and it was nevertheless there held that the duty resting upon a landlord to notify his tenant of a defect in the premises which a careful examination would not disclose, but of which the landlord has notice while the tenant has not, may well be placed upon the ground that a failure to make such disclosure would be a fraud upon the tenant.

*Third.* If the allegations of the bill be true, the fraud involved goes not to the execution of the lease, which is under seal, but to the nature and value of the consideration.

Fraud in the execution of an instrument under seal, such as misreading it, or the substitution of one paper for another, or where by device or trickery the maker is induced to sign and seal it, believing he is signing and sealing a different paper, is available as a defense in an action at law, but the fraud alleged to be involved in the case at bar, which goes to the nature and value of the consideration is only available for purposes of relief in a court of equity. Fowles Cycle Works v. Fraser, 110 Ill. App. 136; Johnson v. Wilson, 33 Ill. App. 639; Windett v. Hurlbut, 113 Ill. 403; Papke v. Hammond Co., 192 Ill. 631.

*Fourth.* Notwithstanding appellee had actual notice of the rotten condition of the posts in August or

September, 1910, he thereafter continued to occupy the barn and to pay the stipulated rent therefor until March 1, 1911, upon the faith of appellant's promises, repeated monthly, that he would repair the barn, which promises were induced by appellee's oft repeated threat that he would vacate the premises unless the repairs were made. Upon the facts as thus alleged in the bill, the right of appellee to invoke the relief sought presents the most serious question in the case, in the solution of which question favorably to his contention, appellee has apparently been unable to give the court any substantial aid.

The doctrine is too well established to admit of question, that a person claiming to be defrauded must disaffirm the contract at the earliest practicable moment after discovering the fraud; that he cannot be permitted to deal with the subject matter of the contract and afterwards rescind it. Rogers v. Higgins, 57 Ill. 244; Brown v. Brown, 142 Ill. 409; Morey v. Pierce, 14 Ill. App. 91; Sutter v. Rose, 169 Ill. 66; Pawnee Coal Co. v. Royce, 184 Ill. 402; Jorgeson v. Hock, 234 Ill. 631.

In the case at bar appellee occupied the leased premises, either under the lease or in pursuance of an alleged agreement with appellant that the latter should make the repairs, for six months after discovery of the fraud complained of. Instead of exercising his right to promptly rescind the lease, upon discovering the fraud, he bartered with appellant in respect to it and accepted the latter's promise to repair. Neither reason nor authority can be found for permitting him to thereafter rescind and disaffirm the lease.

Appellant's motion to dissolve the injunction should have been allowed, and the order overruling such motion will be reversed and the cause remanded.

*Order reversed and cause remanded.*