STEPHEN SHACKFORD *vs.* JAMES E. COFFIN.

York.    Opinion February 21, 1901.

*Negligence.   Landlord and Tenant.   Repairs.*

The plaintiff was injured by a defective stairway to a tenement leased by defendant to him. There was no evidence that the defendant knew of the existence of the defect. All that was visible or known to the defendant was visible to the plaintiff.

*Held;* that if the landlord had known of a secret defect, not discoverable by the tenant, he was bound to disclose it. His duty extended no further. The rule caveat emptor applies.

An agreement by the landlord to make repairs, if nothing is done toward it, does not change the rule.

On motion by defendant.   Motion sustained.

This was an action by a tenant against a landlord for an alleged defective platform at the head of a set of stairs, leading from the street to the building. The jury gave a verdict for the plaintiff. The substantial facts appearing in evidence are as follows:

The tenement in question is located in Springvale village, in the town of Sanford, and was owned by the defendant who lived in Shapleigh about 12 miles distant. The building was two-story with a meat shop on the first floor and a tenement overhead. One James H. Makin, of Springvale, acted as agent for the defendant.

The plaintiff hired the tenement through Makin March 18th, 1899, and before hiring it he took the key and examined the building.

The plaintiff says that Makin agreed to repair the stairs and "make them safe." This Makin denied and says that the repairing of the stairs "was never mentioned." "He did not ask repairs of any kind," and testified that it was understood between them that "if there was any repairs to be made he (tenant) was to make them" and that "he (Makin) did not know that the stairs were unsafe."

Makin exchanged stoves with Shackford and his two men weighing 175 lbs. and 140 lbs. respectively, moved the stove which weighed more than 200 lbs. into the tenement.

The plaintiff received his alleged injuries on the 8th day of July, 1899, while moving out of the building, and his was the only weight on the platform at the time.

The plaintiff moved into the building March 18, 1899. He said that when he moved in he had seen the stairs and "thought they were not safe" and "knew all the time that they were not safe." "They didn't stand very firm."

And as a result of his knowledge of the unsafe condition, before moving out he put props under the stairs. He had to go under the stairs to put up the props, and when asked if there was anything to prevent him from seeing up under the platform answered by saying: "There was nothing, no sir."

The defect claimed by plaintiff was that the brace in the stair-way, or planking, upon which the planking rested, where it was mortised in had rotted off and could not have been seen from the outside without taking up the planking and making an examination. The top stair covered it.

The defendant did not visit the place frequently, and it did not appear that he had opportunity for knowing such defect as the plaintiff alleged. The buildings were old and their condition was within the plaintiff's knowledge.

*J. S. Derby*, for plaintiff.

*F. J. Allen*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

STROUT, J. Plaintiff was injured by a defective stairway to a tenement leased by defendant to plaintiff. Whatever the defect was, whether from rotting of the timber or planking or otherwise, there is no evidence that defendant knew of its existence. In such case the rule caveat emptor applies. The plaintiff had as much knowledge in regard to it as the defendant. All that was visible or known to the defendant or his agent was visible to the plaintiff.

If the landlord had known of a secret defect not discoverable by the tenant, he was bound to disclose it.

Notwithstanding plaintiff's agent agreed to repair the stairs, nothing was done toward it. Plaintiff knew this; yet he moved in and accepted the premises. He placed props under the stairs because of that knowledge.

In this state of facts as disclosed by the evidence, defendant is not liable to plaintiff. *Whitmore* v. *Pulp Co.*, 91 Maine, 297.

*Motion sustained.*