BRADY v. KLEIN.

1. LANDLORD AND TENANT — DEFECTIVE PREMISES — PERSONAL INJURIES—COVENANT TO REPAIR—LIABILITY OF LANDLORD.

A landlord is not liable to a licensee of his tenant, injured through the defective condition of the premises, by reason of the nonperformance of a covenant to repair.

2. SAME—NUISANCE.

One who lets premises in a defective condition is not liable to a stranger injured by the defect, unless it amounts to a public nuisance.

3. SAME.

*Thus:* A landlord of a dwelling is not liable to his tenant's child for injuries received by stepping into a hole in a doorsill, though he had agreed with the tenant to repair the defect.

Error to Wayne; Donovan, J. Submitted January 9, 1903. (Docket No. 20.) Decided June 23, 1903.

Case by Thomas B. Brady, by next friend, against Sevilla Klein, for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Frederic T. Harward* and *Delbert J. Hinkley*, for appellant.

*George Gartner*, for appellee.

HOOKER, C. J.  The plaintiff is a young man about 20 years old, and this action is brought by his mother and next friend to recover damages occasioned by an injury received through the alleged negligence of the defendant when he was under three years of age.

The mother is the only witness by whom the injury and alleged negligence were proved.  She stated upon the trial that she had negotiations with the defendant in regard to renting a dwelling, and was allowed to look at the house. She returned and told defendant that it was all right, except that the sill of the door to the summer kitchen was rotted away, leaving a hole, and that, upon the defendant's promise to fix it, she rented the house and paid a month's rent.  Two or three weeks after, the plaintiff stepped into the hole and received a permanent injury.  She admits that she paid the rent for two or three months, and then failed to do so, and that she did not say anything to the defendant about the injury to the child until she called for her rent and told her to vacate the house.  She never mentioned it again.  The defendant is an old lady of over 80 years of age.  She testified that she heard of the accident from plaintiff's mother about the time it happened, and was told by her that the boy was hurt by a fall in the yard; that she never heard of this claim until the action was begun, a few months before she testified.  The learned circuit judge directed a verdict for the defendant, and plaintiff has taken a writ of error.

The plaintiff's claim is said to rest upon two rules, either of which is supposed to be sufficient to entitle him to a recovery :

1. That, when a landlord has covenanted to repair, a licensee of the tenant, injured through the defective condition of the premises, has a right of action against the tenant, who in turn may recover against the landlord upon

his covenant, and that, to avoid circuity of action, he may sue and recover against the landlord.

2. That, when one lets a tenement in a defective condition, he is liable to a stranger who is injured.

So far as the authorities cited by counsel show, the first proposition was first enunciated in the case of *Payne* v. *Rogers*, 2 H. Bl. 349. This injury was caused by plaintiff's falling through a hole in a foot pavement, and we may therefore infer that the defect was a public nuisance, and, under many cases, actionable, in favor of any one injured, against the person whose negligence permitted it to remain. What was then said about avoiding circuity of action was unnecessary in that view of the case, and the case has been questioned by subsequent English cases. See *Russell* v. *Shenton*, 3 Q. B. (N. S.) 449; *Todd* v. *Flight*, 9 C. B. (N. S.) 377; *Ingwersen* v. *Rankin*, 47 N. J. Law, 18 (54 Am. Rep. 109); *Phillips* v. *Library Co.*, 55 N. J. Law, 307 (27 Atl. 478); *Clyne* v. *Helmes*, 61 N. J. Law, 366 (39 Atl. 767). See, also, *Pretty* v. *Bickmore*, L. R. 8 C. P. 401; *Gwinnell* v. *Eamer*, L. R. 10 C. P. 658. *Nelson* v. *Brewery Co.*, L. R. 2 C. P. Div. 313, was a similar case, where a guest in the yard of an inn was injured by the fall of a chimney which the landlord had agreed to repair. He was permitted to recover against the landlord, but it was not upon the ground of a promise, but because of his neglect in permitting the existence of a public nuisance. The case of *City of Lowell* v. *Spaulding*, 4 Cush. 277 (50 Am. Dec. 775), is similar. There one fell through a walk, and recovered against the city, and it sued the owner of the premises, who was held responsible for the existence of a public nuisance. There is an allusion to *Payne* v. *Rogers*, but it was unnecessary. *Sontag* v. *O'Hare*, 73 Ill. App. 432, allowed a recovery by an administrator for injury by deceased's falling from a porch through a defective railing. The only question pressed in the case was that the evidence failed to show that the injuries caused the death, though it is said in the opinion that the landlord's promise to deceased's husband

to keep the premises in repair would make him liable if the injuries caused her death; citing *Mendel* v. *Fink*, 8 Ill. App. 378; *Platt* v. *Farney*, 16 Ill. App. 216. We think these cases hardly justify the statement. The case of *Clancy* v. *Byrne*, 56 N. Y. 129 (15 Am. Rep. 391), was an injury from a defect in a pier leased by the defendant, which was devoted to use by the general public, much as is an inn. Clearly it was a case of public nuisance. Our own case of *Fisher* v. *Thirkell*, 21 Mich. 14 (4 Am. Rep. 422), was the case of a scuttle in the sidewalk of a public street. The discussion in that case shows that a liability, had one been found, would have rested on negligence, *i. e.*, nonperformance of a duty to the plaintiff, and not upon a contract to repair, though in many of the cases the contract to repair is essential to create the duty, which would otherwise rest solely upon the tenant.

In support of the second proposition, the plaintiff's counsel cite, among other cases, *Swords* v. *Edgar*, 59 N. Y. 28 (17 Am. Rep. 295). There it was held that one who owned a public pier, and rented it with a public nuisance upon it, was liable to a third person who was afterwards injured, although the tenant was bound to keep it in repair. Three judges dissented. The case of *Owings* v. *Jones*, 9 Md. 108, sustains the same rule as to a public nuisance. *Albert* v. *State*, 66 Md. 325 (7 Atl. 697, 59 Am. Rep. 159), also involved a public nuisance. The discussion in the opinion shows that the rule is limited to cases of public nuisance. The case of *Willcox* v. *Hines*, 100 Tenn. 538 (46 S. W. 297, 41 L. R. A. 278, 66 Am. St. Rep. 770), rests on another rule, viz., the liability of one to his tenant for letting premises with concealed dangers. This line of cases has no application in this case. The cases of *Stillwell's Adm'r* v. *Land Co.*, (Ky.) 58 S. W. 696, 52 L. R. A. 325, and *Moore* v. *Steljes*, 69 Fed. 519, more nearly support the plaintiff's claim.

Upon the other hand, when the accident arises from a defect known by the tenant, and one which is not a nuis-

ance, the remedy against the landlord is upon his covenant, and must be brought by the tenant, as there is no privity between the landlord and a third party, nor does he owe him any duty. It is otherwise in case of a nuisance which the landlord should abate, for there the landlord owes the duty of care, and is liable for his negligence to all to whom he owes such duty. *Samuelson* v. *Mining Co.*, 49 Mich. 164 (13 N. W. 499, 43 Am. Rep. 456); *O'Leary* v. *Delaney*, 63 Me. 585; *Dalay* v. *Savage*, 145 Mass. 38 (12 N. E. 841, 1 Am. St. Rep. 429); *Tuttle* v. *Manufacturing Co.*, 145 Mass. 175 (13 N. E. 465); *Quay* v. *Lucas*, 25 Mo. App. 7; *Burdick* v. *Cheadle*, 26 Ohio St. 393 (20 Am. Rep. 767); 2 Wood, Land. & T. p. 1288; *Sterger* v. *Van Sicklen*, 132 N. Y. 499 (30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594); *Clyne* v. *Helmes*, 61 N. J. Law, 359 (39 Atl. 767); *Fowles* v. *Briggs*, 116 Mich. 425 (74 N. W. 1046, 40 L. R. A. 528, 72 Am. St. Rep. 537). In these cases the distinctions are fully discussed, and need not be repeated here. Most of the cases upon which plaintiff relies are not inconsistent with them. The statement that a landlord is liable to a third person, when he has promised to repair, is made, in a general way, in some of the text-books, but will be found to be qualified in most cases, and when it is unqualified is clearly at variance with authority.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.