### STELZ v. VAN DUSEN.

(Supreme Court, Appellate Division, Second Department. . April 15, 1904.)

1. LANDLORD AND TENANT—PROMISE TO REPAIR—BREACH—INJURIES TO TENANT
—ACTION IN TORT.

    Where a landlord rented an entire building to plaintiff's husband, and
thereafter failed to fulfill a promise to put in a new stoop, and plaintiff
was injured by reason of the defective condition of the old stoop, the
relation between the parties to the agreement was purely contractual,
and defendant's violation thereof did not create a liability in tort for
plaintiff's injuries.

Appeal from City Court of Mt. Vernon.

Action by Annie Stelz against Frederick Van Dusen. From a verdict in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

J. Mortimer Bell, for appellant.
Stephen J. Stilwell, for respondent.

WILLARD BARTLETT, J. The plaintiff's husband leased from the defendant an entire house in the city of Mt. Vernon. The plaintiff resided with her husband in this dwelling. She brought this action to recover damages for injuries alleged to have been sustained by the breaking of the flooring of the stoop in front of the house; alleging that said flooring had been rotten and out of repair for more than a year, and that her injuries were caused by the carelessness and negligence of the defendant, in refusing and neglecting to repair the dangerous and defective flooring aforesaid. Upon the trial plaintiff's husband testified that he called the defendant's attention to the condition of the stoop, and that the defendant, before the plaintiff and her husband moved into the house, promised to repair and put in a whole new stoop. The gravamen of the plaintiff's cause of action was the defendant's failure to fulfill this promise to repair.

No action for negligence was maintainable on this basis, and the complaint ought to have been dismissed. Assuming the making of the alleged agreement to repair, the breach thereof did not confer upon the tenant or his wife any right of action based upon negligence. The relation between the parties to the agreement was purely contractual, and the violation of the contract by the landlord did not create any liability in tort. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962, and cases there cited.

The authorities relied upon by the respondent are readily distinguishable; most of them being cases in which the landlord had rented only a part of the building to the tenants therein, but had retained control over other parts; the law consequently imposing

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 670.

upon him the care thereof for the benefit of all the tenants. The judgment should be reversed.

Judgment and order of the City Court of Mt. Vernon reversed, and new trial ordered; costs to abide the event. All concur.