## HEDEKIN, ADMINISTRATRIX, v. GILLESPIE.

[No. 4,855.   Filed October 13, 1904.]

ABATEMENT AND REVIVAL.—*Action in Tort.—Death of Defendant.*—An action in tort does not survive against the personal representative of a deceased defendant.  *pp. 653, 654.*

LANDLORD AND TENANT.—*Defective Premises.—Injury of Tenant.—Recovery of Damages.*—A recovery can not be had by a tenant against a landlord for personal injuries sustained growing out of the failure of the landlord to repair a defective walk in the rear of the house which the landlord had promised to repair, when plaintiff's means of knowing of the defect was equal to that of the defendant.  *pp. 653, 654.*

From Allen Circuit Court; *E. O'Rourke*, Judge.

Action by Elinore Gillespie against Margaret C. Hedekin, administratrix of the estate of Thomas B. Hedekin, deceased.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*Allen Zollars* and *F. E. Zollars*, for appellant.
*S. K. Ruick*, for appellee.

HENLEY, J.—This action was commenced against one Thomas B. Hedekin.   The appellee averred in her complaint that prior to October 19, 1901, she and her husband became tenants of Thomas B. Hedekin, and occupied the house and premises until the last-named date; that at the time they rented the house there was a walk leading from the house to an outhouse in the rear of the lot, which walk was dangerous by reason of the boards of which it was constructed being broken and warped; that many of the boards constituting said walk were smooth and apparently safe upon their upper side, but said boards were in fact rotten and decayed on their under surface, which fact was known to the appellee; that the said Thomas B. Hedekin, at the time the place was rented, agreed with appellee's husband that he would from time to time, as required, make all necessary repairs to said premises, and keep the same in good repair, and that in consideration of said prom-

ise appellee and her husband entered into and took possession of the premises, and occupied them.   It is further alleged that the said Thomas B. Hedekin negligently failed and refused to keep the walk in repair, and that the appellee on the 19th of October, 1901, in walking over the walk, stepped upon a board, which, by reason of it being rotten, broke with her, causing her to fall, and injuring her without any fault on her part.   After the complaint was filed, and before the cause was tried, the said Thomas B. Hedekin died, and upon appellee's suggestion the administratrix of his estate was substituted as a party defendant.

The judgment in this cause has no ground upon which to stand.   The complaint does not state a cause of action, whether regarded as proceeding on the theory of tort or contract.   If in tort, the action would not survive against the personal representative of the deceased lessor, and if regarded as an action on contract, the measure of damages would be the amount paid for making the repairs.   And it was incumbent upon appellee to make the repairs upon the refusal of the landlord to do so, and look to the landlord for the cost of the same.   But the complaint seeks to recover damages solely for a personal injury to appellee growing out of the alleged failure of the appellant decedent to repair the premises which appellee and her husband occupied as tenants.

The decided cases in the courts of appeal cover every feature of this case.   In *Hamilton* v. *Feary,* 8 Ind. App. 615, 52 Am. St. 485, this court said: "The appellee admits, in her complaint, that she knew of the existence of the excavation even before she took possession of the premises, and with such knowledge continued to occupy the property for the period of six months, though the appellant had, upon demand, failed and refused to make the repair which he had covenanted to make.   The appellant could not have given the appellee any more information of the defect than

she admits she possessed. To avoid this dilemma she undertakes to aver that the hidden portion of the defect consisted in the ruinous condition of the banks of the excavation, and not in the excavation itself, and she insists that it was the duty of the appellant to have disclosed these to her. She does not aver that the appellant had any peculiar knowledge of these other than she had herself; at least the facts pleaded show that she had ample time and opportunity for investigation, and there is no pretense that the appellant practiced any fraud or deception upon her in connection with the condition of the walls of the excavation. It must be clear, therefore, that if the cause of the injury was a latent and not a patent danger, it was no more patent to the owner than to the lessee, and it does not appear wherein he violated any duty in failing to apprise her of the same. If we should treat the complaint, therefore, upon the theory of a latent defect, we encounter the insurmountable obstacle that it fails to show the appellant guilty of any negligence; and hence, whether the appellee was guilty of contributory negligence or not, there is no right of action. See Buswell, Per. Inj., §84; Taylor, Land. & Ten., §175a. But if we take the other end of the dilemma, and say that the particular duty which the appellant owed the appellee here was not to disclose to her the existence of the latent defect of the banks of the excavation, but to fill up the latter and place the premises in safe condition, we then come back to the other obstacle, already mentioned in reviewing the complaint as upon contract, that the appellee has failed to reduce or moderate the damages, as she could have done by making the repairs herself and charging them to the appellant."

After the judgment in the above cited case was reversed and remanded, it was again tried and an appeal taken to the Supreme Court of this State. See *Feary* v. *Hamilton,* 140 Ind. 45. In the last cited case the court, by Monks, J., after stating the facts showing that the landlord had

died pending the action, said: "Counsel for appellant earnestly contend that this is an action upon contract; that the decedent having contracted in his lifetime against the injuries complained of, his contract can not be avoided by reason of his death. They admit that actions in tort die with the person of either party, but say that actions upon contract do not so die, but may be enforced against the legal representatives. Counsel do not cite any authority to sustain this broad proposition, and we have been unable to find any going to that extent. On the contrary, it is settled law that actions arising out of contracts, expressed or implied, will not survive where the damages sustained by such breach are for injuries to the person, as mental anguish, pain of body or injury to character. *Boor* v. *Lowrey,* 103 Ind. 468; *Wolf* v. *Wall,* 40 Ohio St. 111; *Stebbins* v. *Palmer,* 1 Pick. (Mass.) 71; *Vittum* v. *Gilman,* 48 N. H. 416; *Smith* v. *Sherman,* 4 Cush. 408; *Wade* v. *Kalbfleisch,* 58 N. Y. 282; *Chase* v. *Fitch,* 132 Mass. 357; *Jenkins* v. *French,* 58 N. H. 532; *Hess* v. *Lowrey,* 122 Ind. 225. It is true, as a general proposition, that actions in form *ex contractu* survive, but this is due rather to the substance of the action than its form. The nature of the damage sued for and not the nature of its cause determines whether or not it will survive. *Cutler* v. *Hamlin,* 147 Mass. 471; 1 Chitty, Pleading, 101. The rule is that where the injury complained of affects primarily and principally property and property rights, and the injury to the person is merely incidental, the cause of action survives. The action must involve the injury to the estate, and not to the person. *Boor* v. *Lowrey, supra,* and authorities cited; *Hess* v. *Lowrey, supra.* But where the action is brought primarily to recover for injury to the person, and the injury to the property is merely an incident, as loss of time while sick and expenses incurred in endeavoring to be cured, the same does not survive. *Boor* v. *Lowrey, supra; Hess* v. *Lowrey, supra.* In such case the loss

of property, that is the loss of time and the expenses incurred in endeavoring to be cured, was caused by the personal injury, and would not have occurred but for such injury. In this case, the appellant's loss of time and inability to attend to and manage her store, and the expense incurred for the services of a physician, were all caused by the personal injury alleged, and would not have been sustained but for such personal injury. This question has been fully considered by this court in the cases of *Boor* v. *Lowrey, supra,* and *Hess* v. *Lowrey, supra,* and decided against the appellant. The authorities cited by appellant were examined, distinguished, and explained in those cases; and, after a careful consideration, we see no reason to depart from the rule there stated. Under the foregoing propositions, it makes no difference in this case whether the action is on the contract or in tort; the result is the same. It is not, therefore, necessary for us to decide, nor do we decide whether it is an action sounding in contract or in tort. Neither do we wish to be understood as holding the complaint otherwise sufficient. There are a number of authorities which declare that the covenant to repair does not include any liability for personal injury or death resulting from nonrepair."

Appellee's complaint shows that she knew of the dilapidated condition of the walk upon which she was injured for more than two years prior to her injury. Her means of knowing of the defect was, at least, equal to that of the landlord, and, regardless of the holding that the action died with the person of the defendant, the opinions above quoted from furnish abundant reasons and authority for holding that an action based on the facts stated in the complaint could not have been maintained against the landlord in his lifetime.

The judgment is reversed.