(101 App. Div. 1)

## BODEN v. SCHOLTZ.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. LANDLORD AND TENANT—COVENANT TO REPAIR—BREACH—ACTION IN TORT.

　　A tenant cannot maintain an action in tort against the landlord for his breach of covenant to repair.

2. SAME—DEFECTIVE PREMISES—NEGLIGENCE—EVIDENCE.

　　A tenant cannot maintain an action for negligence against the landlord to recover for injuries sustained by the falling of the ceiling in a room occupied by the tenant, on the theory that the roof was out of repair, without showing that the fall of the ceiling resulted from the defective condition of the roof, and that the landlord had notice of the defect.

3. APPEAL—THEORY ADOPTED AT TRIAL.

　　A party must be held on appeal to the theory adopted at the trial.

Appeal from Special Term, Kings County.

Action by Anna E. Boden against Frederick Scholtz. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and JENKS, JJ.

Frank Trenholm and Millard E. Tompkins, for appellant.

Herman H. Baker, for respondent.

HIRSCHBERG, P. J. The action is brought to recover damages for personal injuries sustained by the plaintiff through the falling of a ceiling in the dining room of an apartment which she had rented from the defendant. The complaint alleges, and evidence was given tending to prove, that the defendant had agreed to repair the ceiling, and that the injury resulted from his breach of that contract. The obligation being wholly contractual, no action in tort will lie for a violation of the agreement. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855; Goldberg v. Besdine, 76 App. Div. 451, 78 N. Y. Supp. 776; Goluback v. Almodo, 79 App. Div. 636, 80 N. Y. Supp. 1136; Stelz v. Van Dusen, 93 App. Div. 358, 87 N. Y. Supp. 716. The general rule is that an action for negligence can only be maintained when the violated duty is one which is imposed by law.

The learned counsel for the appellant concede in their brief that no liability in tort attaches to the defendant for his failure to fulfill the covenant, but contend that he was liable on the theory that the injury resulted from a defective condition in the roof of the building, which was under his control, and of which defective condition he had ample notice. Assuming that the defendant was obliged by law to keep the roof in repair, it is a sufficient answer to the appellant's contention that there was no evidence given establishing either that the fall of the appellant's ceiling resulted from a defective condition in the roof of the building, or that the defendant had notice of such defective condition. Moreover, the claim now insisted on was not presented at the trial, and the general rule is

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 558.

that a party must be held on appeal to the theory of the trial. Home Ins. Co. v. Western Trans. Co., 51 N. Y. 93; Drucker v. Manhattan Railway Co. et al., 106 N. Y. 157, 12 N. E. 568, 60 Am. Rep. 437; People ex rel. Warschauer v. Dalton, 159 N. Y. 235, 237, 53 N. E. 1113; Snider v. Snider, 160 N. Y. 151, 54 N. E. 676. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.