# Anderson v. Robinson.

## Injury From Defective Floor.

(Decided May 21, 1913. 62 South. 512.)

1. *Landlord and Tenant; Injury to Tenant; Liability; Covenant of Repair.*—A landlord is not liable in tort for personal injuries to a member of the family of the tenant caused by defects in the rented premises, although the lease contained a covenant to repair, unless the defects were latent, and the landlord fraudulently concealed them from the tenant at the time of the lease.

2. *Appeal and Error; Harmless Error; Pleading.*—Where a demurrer was sustained to a count in a complaint containing another count so similar that plaintiff had the benefit of all the evidence that she could have introduced, had the demurrer been overruled, the error, if any, was harmless.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Margaret Anderson against John J. Robinson for damages for personal injuries on account of

a defect in the flooring of a store rented by defendant to plaintiff's husband. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts made by the pleadings are: That defendant had rented to the husband of plaintiff a certain store in the city for the year beginning October 1, 1911, and ending October 1, 1912, and that during that year plaintiff was employed by her husband in the sale of goods in said store. The lease was entered into between plaintiff's husband and defendant, and that a portion of said lease provided that the said Robinson should repair all the rotten planks in said flooring, and that it became and was the duty of the defendant Robinson to provide a safe and suitable flooring in said storehouse in the flooring thereof, and instead of having said flooring repaired, over which it was necessary that plaintiff should pass in conducting the business affairs of her husband, defendant permitted said flooring to have a rotten plank in said flooring (here follows description of location of the plank), and that the flooring was defective and was discovered before the injury hereinafter mentioned was received, and that said defects existed before said lease was signed, and was drawn to the attention of defendant at the time said lease was signed, and was drawn again and again to the attention of defendant before said plaintiff was injured, and defendant was requested and notified to have said flooring repaired, but that he failed and neglected to do so. That it became necessary for plaintiff in the discharge of her duties about said store to pass over the said rotten plank, and that while she was exercising due and proper care in passing over said rotten plank while waiting on her husband's customers in said store on a certain day without negligence or fault on her part, the said flooring in said store broke with her, and here follows catalogue of her inju-

ries and damages. Count 2 alleges the same thing, ex-
cept that the rotten plank was not discovered by plain-
tiff before the injuries complained of were received.
Count 3 is a short rendering of the same state of facts
as shown in count 1. Count 4, after averring the lease
as averred in count 1, avers that plaintiff was employed
and fell through the floor as described in count 1 on ac-
count of the floor yielding on account of its bad con-
dition, and it is alleged that it was the duty and obli-
gation of the defendant to keep the said building in good
condition and habitable for the tenants, servants, or
guests entering upon said premises with the permission
of said tenant, and that the vices and defects in the floor
could have been discovered by an architect or skilled
builder, and were not due to any fault of plaintiff, who
was in the discharge of her duties, and had no means
of observing the condition of the floor. The plaintiff
was ignorant of the dangerous condition, and without
fault or negligence on her part she fell through the de-
fective flooring, and was injured as set out in count 1.
Count 5 alleges that on July 12, 1911, a lease was enter-
ed into between C. W. Anderson, husband of plaintiff,
and one John J. Robinson, defendant, for the rent of a
certain storehouse in the city of Montgomery for the year
from October 1, 1911, to October 1, 1912, and that plain-
tiff was employed by her husband in the sale of mer
chandise in said store, and without fault on her part
plaintiff was injured by falling through a defective
plank in said flooring; that said defective plank was in
such defective and unsafe condition at the time of the
leasing and taking possession of the same by the hus-
band of plaintiff, and that defendant knew of this con-
dition, and notwithstanding his knowledge fraudulent-
ly concealed it, and that said defect was not obvious,
and could not be discovered by the exercise of ordinary

[Anderson v. Robinson.]

care, and in the performance of her daily duties in the store the said defective plank was directly in her path, and she was required and compelled to pass over said defective plank, and that on or about July 3, 1912, while she was exercising ordinary care and performing her regular store duties, and without fault on her part, the said defective plank in said flooring gave way under her, and she was precipitated through said flooring, and as a proximate consequence suffered the injuries and damages alleged in the first count of the complaint. Count 6 is practically the same as count 1. Count 7 is the same as count 1, except that it alleges sufficient facts which, if followed, would have disclosed to defendant knowledge of the defective condition of the plank in the floor, etc. Count 8 is practically the same as count 7. Count 9 is very similar to count 5. The demurrers raise the question discussed in the opinion and other questions as to the nature of damages not necessary to be here set out.

WARREN S. REESE, for appellant. The court was in error in sustaining demurrers to the complaint.—*Finney v. Steele*, 148 Ala. 197; *Hines v. Wilcox*, 41 L. R. A. (N. S.) 506; *Cristodoro v. Von Behrenson*, 17 L. R. A. (N. S.) 1160; *Lovell v. Baldwin*, 50 Am. Dec. 775 and note.

HILL, HILL, WHITING & STERNE, for appellee. The court was not in error on its action in the pleadings.— *Mortgage v. Shepherd*, 156 Ala. 403; 24 Cyc. 1114; 106 Am. St. Rep. 691; 11 L. R. A. (N. S.) 504; 13 L. R. A. (N. S.) 378. If there was any error in sustaining demurrer to count 9, the error was harmless as plaintiff had the advantage under count 5 of all the evidence she could have introduced under count 9.—*Bradley v. L. & N.*, 149 Ala. 545; *Bessierre v. A. G. S.*, 60 South. 82.

ANDERSON, J.—In the case of *Morgan v. Sheppard,*
156 Ala. 403, 47 South. 147, this court by the present
writer, discussed the obligation and liability between
landlord and tenant, their duties and liability to each
other as well as to third persons, and it was there stat-
ed, among other things, in speaking of the liability of
a landlord for injuries caused by defects in the prem-
ises to the tenant, his family, servants, or guests, as dis-
tinguished from third persons: "The rule, however, of
the liability of the landlord for renting premises in such
a dangerous condition as to constitute a nuisance, does
not exist in favor of the tenant, his servants, guests, or
others entering under his title.   *   *   *   As to them,
in the absence of a covenant to repair, he is only liable
for injuries resulting from latent defects, known to him
at the time of the leasing, and which he conceals from
the tenant.—24 Cyc. 1114, and cases cited in note 50;
Thompson on Negligence, § 1130, 1131.  If the defect is
obvious at the time of the letting, the tenant takes pos-
session of the premises as he found them, and the land-
lord would not be liable for injuries resulting from said
obvious defects to the tenant, his family, servants, or
guests."  It may be true that in stating the rule we were
overcautious in confining it to cases in which there was
no covenant to repair, but we did not hold that such a
covenant would change the rule of liability, and express
ly pretermitted the question further on in the opinion in
dealing with count four of the complaint in said case.
In the case at bar, however, some of the counts set up
a covenant to repair when the lease was made and as a
part of the consideration of same, but it seems from the
great weight of authority that said covenant does not in-
crease the liability of the landlord or change the rule
above set forth as to his liability in tort to the tenant,
his family, servants, or guests for injuries caused by vir-

tue of defects in the rented premises. In other words, it seems settled by the weight of authority that the landlord is not liable in tort for injuries to said class, whether there be a covenant to repair or not, unless the defects existed at the time of the letting, were known to him, and which he concealed from the tenant. This identical question has been decided in line with the present holding in the case of *Davis v. Smith,* 26 R. I. 129, 58 Atl. 630, 66 L. R. A. 478, 3 Ann. Cas. 832, and note; 106 Am. St. Rep. 691, and note. See, also, *Dustin v. Curtis,* 74 N. H. 266, 67 Atl. 220, 11 L. R. A. (N. S.) 504, 13 Ann. Cas. 169; *Miles v. Janvrin,* 196 Mass. 431, 82 N. E. 708, 13 L. R. A. (N. S.) 378, 124 Am. St. Rep. 575. The ruling of the Rhode Island court in the case of *Davis v. Smith, supra,* that a landlord who has agreed with his tenant to make repairs is not liable in tort to a member of the tenant's family for personal injuries from the landlord's neglect to repair, accords with the general rule.—*Shackford v. Coffin,* 95 Me. 69, 49 Atl. 57; *Brady v. Klein,* 133 Mich. 422, 95 N. W. 557, 62 L. R. A. 909, 103 Am. St. Rep. 455, 2 Ann. Cas. 464; *Boden v. Scholtz,* 101 App. Div. 1, 91 N. Y. Supp. 437; *Steltz v. Van Dusen,* 93 App. Div. 358, 87 N. Y. Supp. 716; *Mitchell v. Stewart,* 187 Pa. 217, 40 Atl. 799; *Hedekin v. Gillespie,* 33 Ind. App. 650, 72 N. E. 143; *Tuttle v. Gilbert Co.,* 145 Mass. 169, 13 N. E. 465; *Collins v. Karatopsky,* 36 Ark. 316; Taylor on Landlord & Tenant, 175a; Wood on Landlord & Tenant, 921. This is not only the American but the English rule as well.—*Courteneay v. Earle,* 10 C. B. 73; 70 E. C. L. 73. None of the counts in plaintiff's complaint, to which demurrer was sustained, except perhaps count 9, brought her case within the protection of the rule authorizing a recovery for the injury set out, and the trial court did not err in sustaining the demurrers to all of said counts except 9.

[Anderson v. Robinson.]

While there may have been error in sustaining the demurrer to count 9, it is so similar to count 5, to which the demurrers were overruled, that the plaintiff got the benefit of all evidence under said count 5, which could have been offered under count 9, and this error was without injury.—*Bessierre v. Ala. Co.,* 179 Ala. 317, 60 South. 82; *Bradley v. L. & N. R. R. Co.,* 149 Ala. 545, 42 South. 818; *Henderson Co. v. Hinson,* 157 Ala. 640, 47 South. 717. The case of *Finney v. Steele,* 148 Ala. 197, 41 South. 976, 6 L. R. A. (N. S.) 977, 12 Ann. Cas. 510, cited by appellant, is in conformity with, rather than opposed to, the general rule heretofore laid down; and, while it quotes from the case of *Hines v. Willcox,* 96 Tenn. 148, 33 S. W. 914, 34 L. R. A. 824, 54 Am. St. Rep. 823; *Wilcox v. Hines,* 100 Tenn. 538, 46 S. W. 297, 41 L. R. A. 278, 66 Am. St. Rep. 770, which places a liability in tort upon the landlord if he knew of the defect or by ordinary care should have known of it, and conceals it from the tenant, we expressly declined to commit this court to said doctrine, but merely cited it as stating the strongest and most extreme limit to which a court has gone in fastening liability upon the landlord. There are a few other cases, not cited by appellant, which extend the liability beyond the general rule, but they are opposed by the weight of authority in England and America.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.