CYNTHIA E. WILLIS, Appellant, v. M. B. SNYDER, Appellee.

**LANDLORD AND TENANT: Landlord's Liability to Tenant's Guest.** A landlord who has agreed with his tenant to keep the leased premises in repair, does not thereby impliedly reserve such control over the premises as to render himself liable in tort to the tenant's guest for injuries suffered after the landlord had been notified by the tenant of the defective condition of the premises, and had had a reasonable time to repair, and had failed to do so.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

DECEMBER 14, 1920.

ACTION by a guest of the lessee of an ordinary dwelling house, against the lessor, for damages received by the falling of steps leading up to the front porch. The demurrer to plaintiff's petition was sustained, and she appeals.—*Affirmed.*

*Robertson & Robertson,* for appellant.

*S. B. Snyder,* for appellee.

STEVENS, J.—Plaintiff is the mother-in-law of Ralph Vanderpool, who, she alleges in her petition, on April 1, 1918, orally leased from the defendant the dwelling house referred to, coupled with an agreement, as a part thereof, to keep the prem-

ises in repair and suitable for use. She also alleges that the steps leading from the front porch to the walk or ground below became defective and in a dangerous condition; that, on or about April 6th, the lessee notified the lessor thereof, and that he agreed to immediately repair the same, but that he negligently failed to do so; that, on the evening of April 26th, while she was on said steps, they gave way, causing her to fall, with the result that she was severely and painfully injured. The petition is in two counts. In the first, negligence based upon the alleged failure of the lessor to cause the steps to be repaired within a reasonable time after notice of the defective and dangerous condition of the same, is alleged; and in the second, it is charged that the condition of the steps was such as to amount to a nuisance.

It is tacitly conceded by counsel for appellant that, if any liability exists because of the matters alleged in her petition, it grows out of the alleged oral promise and agreement of defendant to repair and maintain the steps and premises in a safe and suitable condition for use. It is the theory of counsel that the express agreement of the defendant to repair and maintain the premises in a condition suitable for use, amounted, in effect, to a reservation of the control thereof, to the extent necessary in making repairs. We have several times held the lessor liable for damages suffered by a tenant where the stairway and halls of a building were used in common by several tenants, and control over them was reserved by him, and the injury suffered was the proximate result of the negligent failure of the lessor to make repairs upon the portion of the building over which he exercised control. *Morse v. Houghton,* 158 Iowa 279; *Burner v. Higman & Skinner Co.,* 127 Iowa 580; *Starr v. Sperry,* 184 Iowa 540; *Dillehay v. Minor,* 188 Iowa 37. The holding of these cases is in harmony with the general, if not universal, holding of the courts of this country, and rests upon the failure of the landlord to perform a duty imposed by law, and not by contract.

Plaintiff does not allege in her petition that the condition of the steps complained of existed at the time the lease was entered into, or that same was known and concealed by the lessor from the lessee. The allegations of negligence are based

upon the failure of the landlord to repair the steps within a reasonable time after express notice thereof had been given him by the tenant. Counsel's principal reliance is upon *Flood v. Pabst Brewing Co.*, 158 Wis. 626 (149 N. W. 489); *Barron v. Leidloff*, 95 Minn. 474 (104 N. W. 289); *Frischberg v. Hurter*, 173 Mass. 22 (52 N. E. 1086). In so far as these cases sustain a recovery based upon tort for damages resulting to a tenant because of the failure of the lessor to maintain the premises in repair, as agreed in the lease, they are opposed to the overwhelming weight of authority. *Hill v. Day*, 108 Me. 467 (81 Atl. 581); *Anderson v. Robinson*, 182 Ala. 615 (62 So. 512); *Glynn v. Lyceum Theater Co.*, 87 Conn. 237 (87 Atl. 796); *Cromwell v. Allen*, 151 Ill. App. 404; *O'Neil v. Brown*, 158 Ky. 118 (164 S. W. 315); *Korach v. Loeffel*, 168 Mo. App. 414 (151 S. W. 790); *Kohnle v. Paxton*, 268 Mo. 463 (188 S. W. 155); *Davis v. Smith*, 26 R. I. 129 (58 Atl. 630); *Dustin v. Curtis*, 74 N. H. 266 (67 Atl. 220); *Miller v. Rinaldo*, 21 Misc. Rep. (N. Y.) 470; *Shackford v. Coffin*, 95 Me. 69 (49 Atl. 57).

The question of the liability of the landlord for damages resulting from the defective condition of the leased premises, based upon a breach of the covenant to repair, is not before us, and we must be understood as expressing no opinion upon this subject. To be actionable, the negligence charged must result from some breach of a legal duty imposed by law, as well as from the obligation created by the agreement of the parties. *Dustin v. Curtis*, supra.

In the absence of an express agreement to repair, the liability of the lessor is limited to damages caused by the defective condition of the premises, where the defect was known to the lessor at the time the lease was entered into, and he concealed it from the tenant, or failed to call it to his attention. *Starr v. Sperry*, supra, and cases therein cited. No implied reservation of control over the premises arises from a mere agreement on the part of the lessor to keep same in repair. The implication is of a grant of permission to enter upon the premises, which are at all times under the control of the lessee, to make repairs, and not of a reservation of control thereover to the extent necessary to make same. Of course, it is the duty of the tenant not to unreasonably interfere with the lessor while he is en-

gaged in making repairs, and it is lessor's duty to make the same in a careful manner. Independent of the alleged agreement, defendant owed no duty to his lessee to make repairs, except as above pointed out. His obligation, whatever it was, was contractual, and did not arise out of a duty imposed by law.

No greater obligation was imposed upon the lessor by express notice of the alleged defective condition of the steps than that created by the agreement to make repairs, except, perhaps, that the duty of the lessor to make repairs at all would make such agreement commence only after notice to him that same was necessary. An implied duty, under a contract by the lessor to keep the premises in repair, would, no doubt, rest upon the tenant to give notice of defects to the lessor. As a cause of action in tort cannot be predicated upon a breach by the lessor of an agreement to make repairs, and as the liability of the lessor for damages suffered by the lessee on account of the defective condition of the premises arises only when the defect existed at the time the lease was entered into, and was known to the lessor and concealed by him from the lessee, no liability is shown. Except where a duty is imposed by law upon the lessor to make repairs, no higher or greater duty than that derived from the contract could be imposed upon the lessor by notice of the defects.

It is unnecessary for us to refer to the authorities, which are in conflict, and to distinguish between the liability of the lessor to the tenant, where liability exists, and his liability to a guest or person invited by the lessee. No cause of action is stated in the first count of plaintiff's petition.

The defective condition of the steps leading up to the front porch of the leased dwelling house was known to the lessee, who took no other steps to provide for the safety of himself, household, and guests than to notify his landlord of the alleged dangerous condition thereof. Steps from the walk or ground to the front porch are, of course, a convenience, and necessary to the full enjoyment of the premises; but the lessee had full control thereover, and, if it could possibly be said that a nuisance existed because of the condition of the steps in question,—and we do not think it could,—he was in the position, with full knowl-

edge thereof, to abate the same, easily and without expense, and remove all dangers of injury to himself or family. Our attention is called to no authority to sustain appellant's claim of nuisance, and we know of none. We therefore reach the conclusion that the demurrer to plaintiff's petition was rightly sustained, as to both counts thereof; and the ruling and judgment of the court below are—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.