This appeal by Curtiss F. Cohran, plaintiff below, is from summary judgment entered in favor of Boothby Realty Company, a corporation, and Larkway Gardens Corporation, defendants below. Cohran's action sought damages for personal injuries allegedly sustained as the proximate result of defendants' negligence, wantonness, breach of implied warranty, and legal fraud and misrepresentations. We affirm.
 Issue
Is a cause of action in tort by a tenant against a landlord cognizable under Alabama law where the tenant sues for personal injuries resulting from an alleged patently defective condition of which the tenant is aware prior to the commencement of a lease?
 Facts
An agent of Boothby Realty Company showed Cohran an apartment located in the Larkway Gardens apartment complex. The agent promised Cohran that various repairs would be made to the apartment. One such promised repair was that the windows would be repaired. Cohran subsequently leased the apartment from Larkway, through Boothby as agent. Though Boothby made various repairs to the apartment, it did not repair the windows.
The lease was for a period of one year. It was extended, under its terms, by holding over beyond its expiration date. On at least one occasion during Cohran's occupancy, Cohran or his wife complained to Boothby about the condition of the windows, and Boothby's agent stated that the necessary repairs would be made; however, the windows were not repaired. Cohran did not threaten to move if the windows were not repaired.
Due to the defective condition of the windows, they could only be opened or closed by pushing or pulling on the window frame. Subsequent to the extension of the lease, Cohran severely injured his arm while attempting to open one of the windows.
The lease contained the following clause:
 "Should any of the electrical, water, plumbing, heating or other equipment belonging to the premises become unserviceable, the Lessor shall have a reasonable time after notification in writing to determine the responsibility and in the event the Lessee, is not liable for repairs, and/or replacement then to have the same repaired within a reasonable time without any liability however, to the Lessee for damage or inconvenience."
 Decision
Cohran makes extensive arguments in brief that exculpatory clauses in standard form residential apartment leases should be declared unenforceable and void as being contrary to public policy. Whether such clauses should be declared void and unenforceable is irrelevant to this appeal and need not be decided. The true question is: can the landlord be held liable for injuries resulting from a patent defect in an apartment which was known to the tenant at the time of the letting?
The defect which Cohran alleges to be present in the instant case is not contended to be a latent defect, or one that was concealed from him. Cohran contends he knew of the alleged defect in the window and unequivocally states in his affidavit that he understood and appreciated the allegedly defective window when he was initially shown the apartment.
Assuming, arguendo, there existed a covenant to repair the windows created by the portion of the lease set out above, or by the *Page 563 
oral representations made to Cohran by Boothby's agent, there can still be no liability on the part of Boothby from injuries caused by a patent defect existing at the time of the letting. This principle of law was established in Alabama as early as 1913 in Anderson v. Robinson, 182 Ala. 615, 62 So. 512 (1913).
In Anderson v. Robinson this court stated:
 "In the case of Morgan v. Sheppard, 156 Ala. 403, 47 So. 147, this court by the present writer, discussed the obligation and liability between landlord and tenant, their duties and liability to each other as well as to third persons, and it was there stated, among other things, in speaking of the liability of a landlord for injuries caused by defects in the premises to the tenant, his family, servants, or guests, as distinguished from third persons: `The rule, however, of the liability of the landlord for renting premises in such a dangerous condition as to constitute a nuisance, does not exist in favor of the tenant, his servants, guests, or others entering under his title. * * * As to them, in the absence of a covenant to repair, he is only liable for injuries resulting from latent defects, known to him at the time of the leasing, and which he conceals from the tenant. 24 Cyc. 1114, and cases cited in note 50; Thompson on Negligence, §§ 1130, 1131. If the defect is obvious at the time of the letting, the tenant takes possession of the premises as he found them, and the landlord would not be liable for injuries resulting from said obvious defects to the tenant, his family, servants, or guests.' It may be true that in stating the rule we were overcautious in confining it to cases in which there was no covenant to repair, but we did not hold that such a covenant would change the rule of liability, and expressly pretermitted the question further on in the opinion in dealing with count four of the complaint in said case. In the case at bar, however, some of the counts set up a covenant to repair when the lease was made and as a part of the consideration of same, but it seems from the great weight of authority that said covenant does not increase the liability of the landlord or change the rule above set forth as to his liability in tort to the tenant, his family, servants, or guests for injuries caused by virtue of defects in the rented premises. In other words, it seems settled by the weight of authority that the landlord is not liable in tort for injuries to said class, whether there be a covenant to repair or not, unless the defects existed at the time of the letting, were known to him, and which he concealed from the tenant. This identical question has been decided in line with the present holding in the case of Davis v. Smith, 26 R.I. 129, 58 A. 630, 66 L.R.A. 478, 3 Ann.Cas. 832, and note; 106 Am.St.Rep. 691, and note. See also, Dustin v. Curtis, 74 N.H. 266, 67 A. 220, 11 L.R.A. (N.S.) 504, 13 Ann.Cas. 169; Miles v. Janvrin, 196 Mass. 431, 82 N.E. 708, 13 L.R.A. (N.S.) 378, 124 Am.St.Rep. 575. The ruling of the Rhode Island court in the case of Davis v. Smith, supra, that a landlord who has agreed with his tenant to make repairs is not liable in tort to a member of the tenant's family for personal injuries from the landlord's neglect to repair, accords with the general rule. Shackford v. Coffin, 95 Me. 69, 49 A. 57; Brady v. Klein, 133 Mich. 422, 95 N.W. 557, 62 L.R.A. 909, 103 Am.St.Rep. 455, 2 Ann.Cas. 464; Boden v. Scholtz, 101 App. Div. 1, 91 N.Y.S. 437; Stelz v. Van Dusen, 93 App. Div. 358, 87 N.Y.S. 716; Mitchell v. Stewart, 187 Pa. 217, 40 A. 799; Hedekin v. Gillespie, 33 Ind. App. 650, 72 N.E. 143; Tuttle v. Gilbert Co., 145 Mass. 169, 13 N.E. 465; Collins v. Karatopsky, 36 Ark. 316; Taylor on Landlord Tenant, 175a; Wood on Landlord 
Tenant, 921. This is not only the American but the English rule as well. Courteneay v. Earle, 10 C.B. 73, 70 E.C.L. 73. * * *" (Emphasis added.) 182 Ala. at 619, 620, 62 So. at 513-514.
This principle of law has been restated in Bevis v. L LServices, 360 So.2d 296 (1978) (quoting the above emphasized language from Anderson), and in Dunson v. *Page 564 Friedlander Realty, 369 So.2d 792 (Ala. 1979) (citing Bevis).
Confusion sometimes arises as to the liability of the landlord for personal injuries caused by defects when there exists a covenant to repair. This confusion results from the oft quoted rule of law: absent a covenant to repair, a landlord is not liable to the tenant's servants or guests except for injuries resulting from latent defects known to the landlord at the time of the leasing, and which were concealed from the tenant. See, e.g., Bevis, supra; Chambers v. Buettner, 295 Ala. 8, 321 So.2d 650 (1975). The Anderson case clearly explains that the existence of the language, "absent a covenant to repair," originated in the case of Morgan v. Sheppard, 156 Ala. 403,47 So. 147 (1908), and was used only to limit the extent of the holding in Morgan. Anderson extended Morgan to hold that a landlord cannot be liable to a tenant, his family, servants or guests for injuries caused by virtue of defects in the rented premises unless the defects were in existence at the time of the letting, were known to the landlord, and concealed from the tenant. Furthermore, Anderson clearly held that a landlord would not be liable for injuries to a tenant caused by a defect known to the tenant at the time of letting.
This case is not of the type referred to in Dunson, supra, where there is a separate contract to repair, made regarding a specific defect, and the promise to repair is made after the tenant threatens to move while occupying under a month to month tenancy. See Adler v. Miller, 218 Ala. 674, 120 So. 153 (1928);Hart v. Coleman, 201 Ala. 345, 78 So. 201 (1917). That line of cases allows a tenant to recover in an action ex contractu for personal injuries resulting from the breach of an express contract, supported by a separate consideration, to repair a specific defect where the injury, resulting from the breach, was within the contemplation of the parties at the time of making the contract. Hart v. Coleman, supra. We further note that this theory of recovery was first enunciated in the Hart
case and this court specifically confined the holding to the facts of that case. Also, the later case of Adler v. Miller, supra, reaffirms the Anderson decision by quoting certain language from Anderson concerning the landlord's liability in tort cases. Neither the allegations of Cohran's complaint nor the facts of this case show or support a cause of action under the ex contractu theory of recovery set forth in Hart. See also, Brown v. Fogarty, 221 Ala. 283, 128 So. 376 (1930); GulfElectric Co. v. Fried, 218 Ala. 684, 119 So. 685 (1928).
Summary judgment was therefore proper in this case; all of Cohran's allegations, except the allegation of an implied warranty of habitability which Alabama has not recognized in the case of occupancy under a lease, were in tort for personal injury. The undisputed facts fail to disclose a latent defect known to the landlord at the time of the letting which was concealed from Cohran; he admitted he knew of the defect at the time of the letting.
For the reasons stated the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.