This case again presents for our consideration the issue of whether a landlord should be held liable, in tort, to his tenants for personal injuries sustained by them as a result of patent defects in the leased premises.
The tenant urges us to overrule our precedents and recognize an implied warranty of habitability and fasten liability on the landlord. Based on her urging, we have once again reviewed the law in Alabama, and the law of other jurisdictions, and after a careful reconsideration of the longstanding rule in Alabama, we are of the opinion that that rule should not be changed. InCohran v. Boothby Realty Co., 379 So.2d 561 (Ala. 1980), Mr. Justice Embry, writing for the Court, succinctly stated the rule as follows:
 "[I]t seems settled by the weight of authority that the landlord is not liable in tort for injuries to said class [tenants], . . . unless the defects existed at the time of the letting, were known to him, and [he concealed them] from the tenant."
Id. at 563, quoting Anderson v. Robinson, 182 Ala. 615, 620,65 So. 512, 513 (1913).
Appellant cites to us cases from other jurisdictions and argues that the modern trend is to allow tenants to recover for personal injuries caused by defects in rental property. We have examined those cases and find that in most instances there is astatutory basis for the imposition of liability. While we could recognize an implied warranty of habitability, as the tenant requests, we are of the opinion that the best forum for making a change in our law is the legislature.
Based on the foregoing, therefore, we are of the opinion that the trial court correctly granted summary judgment in this case. That judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and BEATTY, HOUSTON and STEAGALL, JJ., concur.