### ABRAMOWITZ v. SCHLESSINGER.

(Supreme Court, Appellate Term, First Department. March 29, 1915.)

LANDLORD AND TENANT ⬅164—INJURIES TO TENANT—LIABILITY OF LANDLORD.

> Where a tenant was injured by a fall of plaster from the ceiling, due to a defect in the roof which allowed water to leak in, the landlord, having been seasonably notified of the defect, is liable.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ⬅164.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Fannie Abramowitz against Adolph Schlessinger. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Lester W. Eisenberg, of New York City, for appellant.

Amos H. Stephens, of New York City (Samuel L. Sargent, of New York City, of counsel), for respondent.

SHEARN, J. Plaintiff was a tenant in defendant's premises, occupying a part of the top floor. The testimony in her behalf showed that on March 8, 1914, while she was in bed asleep, a piece of plaster from the ceiling fell, striking her on the left side of the head; that there was melting snow on the roof; that previous to the accident water had leaked through the roof; that she had several times called

the attention of the janitress to this; and that the janitress had said that she would tell the defendant landlord. Another tenant on the top floor, one Klein, testified that three or four weeks before the accident he had notified the janitress that—

"'it is leaking in, and an accident can happen,' and it did fall down on me, but I did not do anything. The janitress said she would inform the landlord. Before the accident, the whole ceiling from the hallway fell down."

The defendant testified that the roof was repaired in January, 1914, and in July, 1913. The janitress testified, on behalf of the defendant, that two months prior to the accident plaintiff had complained of the conditions, and that the janitress had spoken to the landlord, who sent a man "to fix it"; that the man repaired the roof; that afterwards, and prior to the accident, the plaintiff spoke to her again; that "when the water came down she told me. and the landlord sent the same man to have the roof fixed"; that no water was leaking through the ceiling at 7 o'clock in the morning of the day of the accident; that there was a little snow on the roof the day before the accident, but it did not melt; and, finally, that she remembered the time when the ceiling in the hall fell down on the top floor, to which the witness Klein testified, and that Klein had said that the ceiling had fallen down.

Upon this evidence the plaintiff was entitled to recover, for she had given proof sufficient for a finding that the ceiling fell because of water leaking through it, due to a defect in the roof, and reasonable notice to the landlord of the defect. It is not necessary, as defendant's argument in effect assumes, to produce an eyewitness to testify that water was observed leaking through a defective place in the roof. When water leaks through a ceiling above the top floor of a dwelling and immediately under the roof, it is not a violent inference to draw that the water leaked through the roof.

The case of Boden v. Scholtz, 101 App. Div. 1, 91 N. Y. Supp. 437, is no authority to the contrary, for in that case there was no evidence whatever given establishing either that the fall of the ceiling resulted from a defective condition in the roof or notice to the defendant. The situation would be quite different if the premises occupied were not on the top floor immediately under the roof.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.