### DRUCKER v. COHEN et al.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

1. LANDLORD AND TENANT ⚙⟶169(11)—INJURIES TO TENANT—LIABILITY OF LANDLORD—NEGLIGENCE—JURY QUESTION.

Where tenant was injured by falling plaster, the question of the negligence of landlord's janitress, who after knowledge of a wet spot in the ceiling failed to discover the leak or notify the landlord, was a jury question.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 646, 667, 684; Dec. Dig. ⚙⟶169(11).]

2. LANDLORD AND TENANT ⚙⟶164(1)—LIABILITY OF LANDLORD FOR INJURIES TO TENANT—CONTROL OF PREMISES.

In an action by plaintiff to recover injuries caused by falling plaster, the fact that the ceiling from which the plaster fell was in the control

⚙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the tenant was immaterial, where the leaky water pipe, causing the plaster to fall, was wholly under the landlord's control.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630, 634–637; Dec. Dig. ☞164(1).]

Appeal from City Court of New York, Trial Term.

Action by Anna Drucker against Montague D. Cohen and another, as executors. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

David Oggins, of Long Island City, for appellant.

Lyman A. Spalding, of New York City (Thomas J. Skelly, of New York City, of counsel), for respondents.

BIJUR, J. [1, 2] The testimony offered on behalf of the plaintiff was capable of being interpreted by the jury to the following effect: That on Sunday, the 27th of April, 1914, plaintiff moved into an apartment in defendants' tenement house, having engaged the same as a monthly tenant; that on Tuesday, the 29th, part of the ceiling fell and injured the plaintiff. Defendants' janitress, while painters were painting the apartment, during the few days prior to Sunday, the 27th, noticed that the ceiling (at the place where it fell) was wet and that water dripped from it. She went to the floor above, thinking that there might be some overflow, but could not find any trace of water there. She did not report the matter to defendants. After the ceiling had fallen, it was discovered that a water pipe over the spot which fell had been and was still leaking. The janitress and plaintiff both testified that the latter did not see and had no knowledge of the damp spot in the ceiling. The motion to dismiss was made on the following grounds:

"That no negligence had been shown on the part of the defendants; that no notice was given to defendants of any defect in the ceiling before the accident; that plaintiff has not show she was free from contributory negligence; that plaintiff had control of the ceiling, and knew all about it, and it was not within the control of the landlord when the accident happened, and had not been for four days before."

It was of course for the jury to determine whether the conduct of defendants' janitress was negligent. It was quite clear that she did have notice and equally clear that the plaintiff knew nothing about it. The question whether the ceiling was in the control of the landlord when the accident happened is entirely immaterial. The pipe which caused the accident was exclusively in the control of the landlord, both before the making of the lease and at the time of the accident. See Abramowitz v. Schlessinger, 152 N. Y. Supp. 337.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.